## William C. Norwood v. Hannah Boon.

The refusal by the Court to give a charge applicable to the evidence, and proper, is error.

Appeal from San Augustine.   Tried below before Hon. A. O. W. Hicks.

Action commenced before a Justice of the Peace by the appellee against the appellant as administrator of the estate of James Le Grand, for a colt valued by the plaintiff, in the account at the institution of the suit, at sixty dollars.   Judgment in that Court was rendered in her favor for the colt, or forty dollars, its value.   Suit brought 12th day of January, 1856. Judgment rendered 29th day of January, 1856.   The defendant brought the case into the District Court by filing petition and fiat of the Judge on the 15th April, 1856.   Defence set up in Justice's Court, general denial, allegation of property in the estate of said Le Grand, deceased, and the Statute of Limitation for two years.   On the trial in the District Court it seems the defence relied on was the same as pleaded below. On the trial. no charges or instructions were asked by the plaintiff ; the defendant asked a charge on the Statute of Limitations, which was refused ; the Court gave no other charge than, "that if the colt belongs to plaintiff, find for plaintiff. the value of the colt ; and if you find for defendant, merely find for defendant."   The jury found a verdict for plaintiff for the horse in controversy, and found its value to be three hundred and fifty dollars, upon which finding judgment was accordingly rendered May 15th, 1857.   The defendant filed motion for a new trial, complaining that the Court failed to charge the law of the case to the jury ; that the

Court erred in refusing to give to the jury the charge on the Statute of Limitations asked by defendant, as follows : " That if they believe from the testimony that the defendant and his intestate have had peaceable and adverse possession of the said colt and his dam, claiming them as Le Grand's for more than two years previous to the institution of this suit, they will find for the defendant ;" that the jury found beyond the value of the colt as alleged by the plaintiff, and the judgment therefore, for $290, more than was claimed. The plaintiff thereupon, in open Court, admits the possession of the colt, (obtained, as the record shows, by writ from Justice's Court on the judgment there rendered,) and remits all claim to the money for which the alternative judgment was rendered. The motion for new trial is thereupon overruled. The defendant assigns as error substantially the same grounds presented in his motion for new trial, and the additional ground of overruling the motion for new trial.

*H. M. Kinsey*, for appellant.

*Moore & Walker*, for appellee.

WHEELER, J. The instruction asked by the defendant was applicable to the evidence and proper ; and it was error to refuse it. It was for the jury to decide, from the evidence, whether the possession of the defendant's intestate was adverse to the plaintiff ; that is, whether he had the possession and exclusive control, asserting ownership in himself, of the property ; and if they had found for the defendant, as they might have done had the charge in question been given, it cannot be said their verdict would not have been warranted by the evidence.

The judgment is reversed and the cause remanded.

Reversed and remanded.