## NOAH SMITHWICK V. REDDIN ANDREWS.

The certificate of the commissioner of the General Land Office, is not admissible to prove that a deed from one person to another, is in his office; nor can the fact, that a land certificate has been transferred by one person to another, or that land has been conveyed by one person to another, be proved by the mere certificate of any person, or officer.

Where there are two issues fairly presented by the pleadings and evidence, it is error for the judge to submit, in his charge to the jury, the decision of the case upon one of them only; if testimony has been adduced tending to sustain the other, it is for the jury to say, whether or not the evidence is full enough to establish it, and the refusal to charge upon it, is error.

APPEAL from Burnet. Tried below before the Hon. Edward H. Vontress.

This suit was commenced by Redding Andrews, on the 3d of April, 1855, against Noah Smithwick, to recover a bounty warrant for 1280 acres of land, or its value.

The plaintiff claimed the certificate under an alleged purchase by him, from Jesse Billingsley, in the year 1839, of the discharge of Smithwick from twelve months' service, which entitled the said Smithwick to a bounty warrant; Billingsley claimed to own the discharge under a title derived through Smithwick's transfer to one Young.

The petition alleged, that owing to a defect in the authentication of the discharge, the adjutant-general refused to issue the bounty warrant; that in consequence thereof, the plaintiff, defendant, and Billingsley, in 1852, brought the matter before the legislature, and it was agreed that an act might be passed authorizing the certificate to issue to, and in the name of the defendant; and that an act was accordingly passed in that shape. That, thereafter, on the 15th day of March, 1852, the defendant gave the plaintiff a written order to the adjutant-general to issue the warrant to the said plaintiff, as his assignee, but, subsequently to the date of that order, the defendant fraudulently caused the

certificate to be issued to himself, and refused to assign or transfer the same to him.

The defendant's answer alleged that the order was obtained by fraudulent representations, and without any consideration; denied specially the fact that he had ever made a valid sale or transfer of the said discharge; averred that Billingsley never bought or acquired title to the same in the manner alleged; pleaded a general denial of all the allegations of the petition; and also the statute of limitations of two years.

It was proved on the trial, that the defendant admitted, when the parties were engaged in preparing to have passed the act of the legislature above referred to, that the claim belonged to the plaintiff; that the defendant desired it should issue to Andrews, as assignee, but that it was finally concluded and agreed upon, that it should issue to him, the said defendant, on his positive promise to transfer the certificate whenever he obtained it. That course was advised by a member of the legislature, on account of previous refusals by the senate to pass similar acts, authorizing certificates to issue in the name of an assignee; it was also deemed best by Billingsley, on account of the loss of a sheriff's deed, under which he claimed to have derived his title.

The plaintiff read in evidence the order from the defendant to the adjutant-general, dated the 15th March, 1852, authorizing him to issue the warrant to the plaintiff as his assignee, reciting therein that "said Andrews is the rightful owner by purchase."

The bounty warrant was issued by the adjutant-general, on the 26th day of March, 1852, in the name of, and delivered to, the defendant, in pursuance of a special act of the legislature, approved February 10th, 1852, authorizing it to be issued to the said Smithwick, his heirs or assigns.

On the trial, the defendant offered in evidence, a certificate from the commissioner of the General Land Office, duly attested by the said officer, as follows:

"General Land Office, Austin, Oct. 2d, 1858.
"I, Francis M. White, commissioner of the General Land Office

32

of the State of Texas, do hereby certify, that there is on file in this office, a duly authenticated transfer from Noah Smithwick to D. C. Freeman, Jr., for bounty warrant, No. 1070, for 1280 acres, issued by James S. Gillett, adjutant-general, to said Noah Smithwick, on the 26th day of March, 1852; said transfer bearing date June 11th, 1852."

To the introduction of this certificate, the plaintiff objected, because the facts recited by the commissioner, were not such as the law required, or authorized him to certify to; which objection was sustained, and the certificate was excluded.

The defendant read in evidence, the following portion of the plaintiff's petition, to wit: "Your petitioner states, that said certificate was issued in accordance with the said act of the legislature, on the 10th day of March, 1852, by James S. Gillett, adjutant-general, and is No. 1070. Petitioner further states, that since the said certificate issued, the said defendant has refused, and still refuses, to transfer or assign the same to your petitioner, as by said purchase and sale he was bound to do."

The court instructed the jury as follows: "If the jury believe from the evidence, that the plaintiff purchased the bounty warrant from the, defendant, or from those to whom he sold, he is entitled to recover. The order executed by the defendant to the plaintiff, of the 15th of March, 1852, is *primâ facie* evidence, as between the plaintiff and defendant, that the former was the owner of the certificate. The admission of the defendant in regard to the property of the certificate, is evidence against him."

"If the jury find from the evidence, that the warrant was issued to the defendant, under an agreement that he would transfer it to the plaintiff when it was issued, then the defendant held said warrant in trust for plaintiff, and the statute of limitations would not commence to run against him until he had actual or constructive notice of the adverse claim of the defendant. The possession of the trustee is not, *per se*, inconsistent to that of the *cestui que trust*, or beneficiary of the trust."

".Unless the jury believe from the evidence, that the defendant has shown that no consideration passed for the certificate, you will find for the plaintiff; but, in that event, you will find for the defendant."

The defendant asked the court to instruct the jury, " That if the jury believe from the evidence before them, that, for more than two years before the institution of this suit, the defendant obtained possession of the bounty-land warrant, and held the possession of the same as his own, adversely to the right of the plaintiff, then plaintiff's right of recovery is barred by the statute of limitations, and the jury will return a verdict for the defendant."

There was a verdict for the plaintiff for $448, the value of the certificate, and judgment accordingly. The case was before this court previously, and is reported in 20 Texas Rep. 111.

*Hancock & West*, for the appellant.—We submit that the ruling of the court, excluding the certificate of the commissioner of the land office, to the fact, that an authenticated transfer of the appellant to Freeman, for the bounty-land warrant sued for, dated 11th of June, 1852, was on file in his office, is erroneous. This certificate was offered in evidence, under Art. 879, O. & W. Dig. 208. This article authorizes the commissioner to certify to any fact appearing from the archives of his office. The certificate, then, was an official act of that officer, authenticated by the seal of his office, which gave to the act verity, as much as to a patent for a tract of land.

. This fact would have shown the bounty-land warrant had been converted by appellant, on the 11th of June, 1852, by a sale of it, as his own property. The petition was filed on the 3d of April, 1855, nearly three years after the warrant had been sold, and over three years after it had been issued and delivered to the appellant. If this testimony had not been sufficient to exonerate the appellant from liability for anything more than the value of the warrant at the time of the conversion, with interest to the time of trial, (and we think this the proper rule to determine the appel-

lant's liability,) it was admissible in support of his plea of· the statute of limitations of two years.   The suit is for the recovery of the land certificate, or for its value, by way of damages, if the certificate cannot be obtained.   The certificate is a chattel. (Randon v. Barton, 4 Texas Rep. 289.)   It is that kind of property, for the recovery of possession, or for damages for the wrongful conversion, of which, suit must be instituted within two years after the accrual of the cause of action.   (Hart. Dig. 726, Art. 2377.)   This article provides, among other things, that "all actions for detaining the personal property, and for converting such personal property to one's own use,   *   *   *   * shall be commenced and sued within two years next after the cause of action or suit, and not after."   It is not perceived how the clearness or comprehensiveness of these clauses of the law could be much improved.   The charge against the appellant is, for detaining the personal property, (a land certificate,) of the ·appellee.   The testimony shows, that the warrant was obtained by the appellant from the adjutant-general, on the 26th March, 1852. On the 15th of March, 1852, the appellant gave the appellee an order directing the adjutant-general to issue and deliver this warrant to him; and it is further proved, that from the time of the issuing of the warrant, the appellant had refused to transfer or assign it to the appellee.   The appellee charges the appellant with having obtained the warrant from the adjutant-general in violation of his rights, and in disregard of the agreement between them. Under this state of the case, when did the appellee have cause of action against the appellant, for this land warrant?   Unquestionably, under his allegation in his petition, and under the order in his favor to the adjutant-general, as soon as the appellant obtained possession of the warrant, the 26th of March, 1852.   More than three years had elapsed from that time before this suit was commenced, the appellant all the time withholding the warrant, and refusing to transfer or assign it to the appellee.

Why was it, then, that the appellee's cause of action was unaffected by the statute of limitations?   The appellee and the court, a quo, answer, because the appellant held the certificate in trust

for the appellee. That his possession was that of a trustee, and not such as would sustain the plea of the statute of limitations in favor of the possessor. We do not think that, under our blended system of law and equity, there is any difference in the application of the statute of limitations, to suits in equity and actions at law. But we do not propose to discuss this proposition at present. It is not material in this case, for the facts are not such as, under any system, would make the possession of the appellant that of trustee, nor render the appellee's cause of action for the recovery of possession of the warrant, or a judgment for its value, "fall within the proper, peculiar, and *exclusive* jurisdiction of" a court of chancery. (Angell on Limitations, 188, &c. ; Kane v. Bloodgood, 7 Johns. Chan. Rep. 90, 110, 111.)

The appellee alleges the possession was wrongfully obtained; the order to the adjutant-general disavows right of property or possession in the appellant; the agreement in evidence, shows when the appellant obtained the possession, March 26th, 1852, and the appellee alleges that from that time, the appellant withheld it from him. The issuing and delivery of the warrant, and to whom, was shown by the records of the adjutant-general's office, and the appellee could not have even the pretext of ignorance, that the appellant denied his right to the warrant. If the suit had been instituted within the two years, the appellant might have made good his allegations that he had been overreached, and had received no consideration for his promise. But under the facts before the jury, we submit, that the court erred in refusing the appellant's third instruction asked to be given to the jury; and likewise erred in the instructions given, in not submitting this issue, made by the pleadings, and on which, testimony we think ample, was before the jury for their determination. And further we submit, that the charge was erroneous in excluding from the jury the right to pass on this issue, and manifesting, though without improper motive, we feel confident, the opinion of the court as to what verdict ought to be rendered. In fact, the peculiar character of the concluding part of the charge, renders all the preceding portion of it either nugatory or merely argumentative. And this con-

cluding part was a positive direction to the jury to find for the appellee, unless the appellant had disproved his original right of recovery. This was in effect the only instruction given; and can it be doubted, that the jury might well conclude that the judge had passed on the weight of testimony as to other points, and judged it insufficient. He excluded all else from them by the estimate of the testimony which, with proper instructions, is believed to have been sufficient to have secured a different verdict. At any rate, it was the right of the appellant to have the issue passed on by the jury. For these errors, we submit, the judgment in this case ought to be reversed.

*Chandler & Turner*, for the appellee.

BELL, J.—The court below did not err in sustaining the objection to the admissibility in evidence, of the certificate of the commissioner of the General Land Office, that there was on file in that office, a transfer of the bounty warrant, No. 1070, concerning which this suit originated. That was not a fact which the commissioner of the land office could certify, in the manner exhibited by the certificate offered in evidence in this cause. Whenever the commissioner of the land office certifies that a writing is a true copy of an original in his office, then such writing is admissible in evidence in the courts of the state, because of the commissioner's certificate, and because it is a part of his official duties to give such copies of instruments. But it is no part of the official duties of the commissioner of the land office to certify that there is in his office a deed from one person to another. Nor can the fact, that a land certificate has been transferred by one person to another, or that land has been conveyed by one person to another, be proved by the mere certificate of any person, or officer.

But we are of opinion, that there was error in the charge given by the judge who presided below, to the jury, and also that there was error in refusing to give to the jury the third instruction asked by the counsel for the defendant. In the con-

cluding part of his charge, the judge told the jury that unless they believed from the evidence, that the defendant had shown that no consideration passed to him for the land certificate in question, they would find for the plaintiff. This was narrowing the controversy down to this single point; whereas, other questions were fairly made by the pleadings and evidence. One of those questions was upon the statute of limitations, and the third instruction asked by the counsel for the defendant, was upon that point, and was just such an instruction as ought to have been given to the jury. The statute of limitations was pleaded, and a portion of the plaintiff's petition was offered in evidence, in support of the plea; and it was for the jury to say, whether or not the admissions or allegations of that portion of the petition which was offered in evidence by the defendant, were full enough to sustain the plea of the statute. For these errors the judgment of the court below must be reversed and the cause remanded; and it is ordered accordingly.

Reversed and remanded.