## R. S. ROSS ET AL. v. JOHN EARLY.

1. In suit for a land certificate, after location, it is not error to strike out the
    plea of two years statute of limitation.
2. A land certificate is only a chattel, and an action for its wrongful conver-
    sion must be brought within two years ; but its location merges it into
    land, and after such merger the rights of the claimants thereto must be
    determined by the laws governing real estate.

ERROR from Denton.    Tried below before the Hon.
C. C. Binkley.

Early brought an action of trespass to try title in 1871,
to recover 640 acres of land in Denton county, against
Ross.

The only question before the court arose on defendants' plea of two years limitation, which was as follows:

"And the defendants aver and so charge that said Carter purchased said certificate from said Thomas in good faith, and paid a valuable consideration therefor; and the defendants aver and so charge that said Carter had and held said land scrip in his possession, exercising ownership open and notorious over the same as his property, openly and notoriously for more than two years prior to the institution of this suit; and the defendants specially plead the two years statute of limitation in bar of plaintiff's right of action herein."

The plea of limitations was stricken out by the court, and plaintiff recovered judgment for the land, on the verdict of a jury, from which the defendants prosecute writ of error.

*J. A. Carroll*, for plaintiffs in error, cited 28 Texas, 261, Cox v. Bray; 28 Texas, 488, Smithwick v. Andrews.

*Walton, Green & Hill*, for defendant in error.

WALKER, J.—This is an action of trespass to try title, involving some rather novel features; but the record presents but a single point for our decision, viz., did the District Court err in ruling out the plea of two years limitation? Early, the appellee, deraigns his title through a patent directly granted to himself. Ross and his co-defendants set up that they were the owners of the certificate on which the survey was made and patent issued, and they also plead the two years statute of limitations. By reference to the facts, it would appear that the patent issued to Early on the eleventh of August, 1860, as the assignee of Toby scrip No. 211.

The plaintiffs in error claim to hold the land under a

deed from John Carter, who purchased the scrip from David Thomas, for a valuable consideration paid, in 1857.

They allege that Thomas was the owner of the scrip, had full right and power to sell it, and that Carter purchased in good faith.

They aver that Thomas' sale of the scrip to Carter was with the knowledge and consent of Early, the defendant in error; and also that he affirmed and ratified Thomas' sale.

On all these issues, except the statutes of limitation (Art. 4604, Pas. Dig.), the jury found for the defendant in error.

Notwithstanding the case of Smithwick v. Andrews, 24 Texas, 488, we do doubt the applicability of a defense under this statute, in a suit to try title to land. Certainly the statute referred to has no reference to any limitation of actions involving land titles.

But the scrip which Thomas attempted to sell to Carter was a chattel, and if it had never merged in the realty would be treated as a chattel, and an action for its wrongful conversion must necessarily be brought within the two years.

But according to the facts in this case the scrip was merged in the realty before two years had expired from its sale, and this is certainly not an action in the nature of an action of trover; it is not an action concerning a chattel—it is an action to recover the possession of real estate, and we are of opinion the court properly ruled out the plea in this case. It is totally unlike the case of Smithwick v. Andrews. In that case the transaction was between the original parties. The action was brought to recover the certificate, or damages for its wrongful conversion. The party to whom the certificate was issued was charged with obtaining it fraudulently and wrongfully converting it. The opposing party knew that the certifi-

cate had been issued to Smithwick, while it of right belonged to Andrews, and Smithwick had acknowledged the right of Andrews to the certificate.    But this suit had no reference to land, but to the certificate, which was itself a chattel, and the plea of two years limitation might be properly interposed to an action for its wrongful conversion.    But we think the principle has no application to this case; here the scrip was merged in the land before the two years had expired, and this is an action for the recovery of the land and not the scrip.

We are of opinion the court properly ruled out the plea, and the judgment is therefore affirmed.

AFFIRMED.