WILLIAM HOEFLING ET AL. v. JOHN DOBBIN.

No. 578.—Decided November 11, 1897.

**Vendor and Vendee—Trust.**

In a suit to recover the price of land sold to defendant and enforce the vendor's lien, a plea that defendant became the purchaser as a mere trustee for the accommodation of plaintiff and a third party who, intending to purchase it, then advanced money to make a payment of interest necessary to prevent its immediate sale under a deed of trust, and that by the vendor's interference and disparagement of the title defendant was prevented from making sale, presented a defense to plaintiff's action which, being supported by evidence, should have been submitted to the jury. (Pp. 211 to 214.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Dobbin brought suit in District Court and recovered a judgment against Hoefling and Kampmann, which was affirmed on an appeal by defendants, who thereupon obtained writs of error.

*W. C. Berry* and *H. C. Carter*, for plaintiff in error, William Hoefling.—The Court of Civil Appeals erred in not sustaining applicants' twentieth assignment of error, which is as follows: "The court erred in refusing to give the defendant's second special charge because there was evidence tending to show that the plaintiff was to receive nothing until Hoefling had conveyed the land to Kampmann, and the plaintiff by his conduct prevented such conveyance by Hoefling."

The Court of Civil Appeals erred in not sustaining applicants' twenty-first assignment of error, which is as follows: "The court erred in refusing to give the defendant's second special charge because there was evidence tending to show that the plaintiff had prevented Hoefling from

making any conveyance, by slandering the title and abusing all persons connected with the transaction."

*J. F. Onion*, for plaintiff in error, Kampmann, united in above assignments.

*C. W. Ogden* and *J. A. Buckler*, for defendant in error.—The deed to the defendant, Hoefling, being absolute upon its face, he could not, by oral evidence, avoid it as a deed when called upon to pay the balance of the purchase money, or show that it was made to him as trustee for Kampmann, and was not to become operative except upon a contingency, no fraud or mistake being alleged. Walker v. Renfro, 26 Texas, 142; Heffron v. Pollard, 73 Texas, 99; 2 Jones, Evidence, secs. 439, 440-447, 452, 453, 475, 495.

If the defendant could have been permitted to show that the deed was not what it purported to be, and that he was not to pay for the land until he or Kampmann had paid the encumbrances on it and Hoefling had made a deed to Kampmann, there was no reason shown why they did not promptly pay the encumbrances and have the deed made to Kampmann, as there was no proof in the case tending to show that the failure of the defendants to pay the encumbrances and the balance of the purchase money was in any way caused by any fault of the plaintiff.

Hoefling could not refuse to pay and discharge the deed of trust which he had agreed to discharge, and to let the property be sold under it and buy it in himself, and then claim the land as against the plaintiff's suit for a balance of the purchase money.

Counsel for defendant in error also filed a motion for rehearing, which was overruled in the written opinion here published.

BROWN, ASSOCIATE JUSTICE.—John Dobbin brought suit in the District Court of Bexar County against William Hoefling and Herman D. Kampmann, alleging that on the second day of January, 1893, he had sold to Wm. Hoefling 11,070 acres of land in Bee County for the sum of $38,745, a part of which consideration consisted of the assumption by Wm. Hoefling of certain charges and incumbrances upon the land, leaving due from Hoefling to the plaintiff the sum of $7794.31, and alleging that Kampmann was claiming the land through a deed from Hoefling. Plaintiff prayed judgment for the purchase money as against Hoefling, and that the vendor's lien be foreclosed on the land.

Among other defenses Hoefling pleaded in substance that at the date of the alleged sale as claimed by plaintiff the plaintiff was largely indebted to the American Freehold Land Mortgage Company of London, limited, in the principal sum of $25,000, together with accumulated interest thereon, represented by coupon notes falling due annually, which indebtedness was secured by deed of trust upon the land alleged to have been sold to the defendant, and that plaintiff being unable to meet the interest due thereon sought the assistance of defendant, Hoefling, to aid

him in raising the money necessary to prevent the sale of the land; that the owners of the notes secured by the deed of trust upon the land aforesaid caused the same to be advertised by the trustee under the power vested by the deed of trust, for sale on Tuesday in January, 1893, the same being the third day of January of that year. And the plaintiff again sought and implored the defendant, Hoefling, to aid him to prevent the sale of the land, and the answer then proceeds with the following allegation: "Thereupon a purchaser was sought for said land, and through W. C. Berry was found a purchaser in the person of H. D. Kampmann, who, in connection with Major Wm. McGrorty, agreed to buy same for the sum of $38,745 in cash, or $3.50 per acre for said land; and it was agreed between plaintiff, this defendant and said Kampmann that he, said defendant, should have the deed made to him, and that said Kampmann and his associate in such purchase should advance the money to pay off all indebtedness, and after all indebtedness was paid, including a reasonable commission to said Berry as sales agent, then the balance of said purchase money remaining to be paid to plaintiff herein, and deed then made by said defendant to said Kampmann, or Kampmann and his associate; and that plaintiff was to receive nothing from the sale of said land unless and until this defendant had reconveyed said land to said Kampmann, and said debts and charges hereinafter fully set out had been paid; this defendant not wishing or being in a position to buy said land himself, but having a sincere desire to aid plaintiff in his extremity, agreed to undertake this responsibility and consented to this arrangement, and submitted it to plaintiff, John Dobbin, who accepted and consented to it, and expressed himself as satisfied; that in pursuance of this arrangement, defendant, on or about the 31st day of December, 1892, procured from said H. D. Kampmann the sum of $4778.33, for which amount defendant gave his note to said Kampmann bearing ten per cent interest per annum from date until paid; that the defendant thereupon paid said sum of $4778.33 to said Francis Smith & Company on account of the interest due on said $25,000 note for the years 1890 and 1891, and procured their consent to a postponement of the sale of said land as advertised; that said sale was accordingly postponed." The answer of Wm. Hoefling further alleged, in substance, that on the second day of January, 1893, plaintiff and his wife executed and delivered their deed for the said land to Hoefling; that immediately upon executing the deed and the postponement of the sale, the plaintiff, John Dobbin, began to abuse and slander the defendant and all persons connected with the transaction of purchase and sale of the said land and continued, by such course of action and speech, to discredit the title of the defendant to said land and threatened to sue the defendant or anyone else buying the said land from the defendant; that he kept up this course of action and threats until the said Kampmann and his associates were thereby caused to refuse to carry out their agreement to purchase the said land, thereby throwing it upon the defendant Hoefling burdened with all of its indebtedness, and that the defendant Hoefling has con-

tinually tried to sell the land and spent large sums of money in advertising it, but on account of the course of conduct pursued by the plaintiff Dobbin is prevented from selling the same to anyone. The answer further alleged that subsequently the American Freehold Land Mortgage Company of London, limited, through the trustee named in the deed of trust, advertised the said land and sold the same, and that the defendant Hoefling was compelled to buy the same in, in order to protect himself in the advances already made thereon; and that thereafter he sold the land to H. D. Kampmann for the sum of $35,977.50, which is the best price he could obtain for it, and that the payment of the charges, incumbrances and interest accumulated upon the land consumed all of the money received by him and more.

The testimony on the part of the plaintiff was sufficient to establish his claim that he had sold the land to Hoefling for the amount claimed upon the terms alleged. On the other hand, the testimony of W. C. Berry and the defendant Hoefling was sufficient to justify the jury in finding in favor of Hoefling upon the issue presented by his plea copied above; that is, that he was simply a trustee for both Kampmann and Dobbin to hold the title until the incumbrances upon the land were to be discharged, and that Hoefling was in no case to pay for the land himself, but to receive the money from Kampmann and pay it over to Dobbin.

The allegations of Hoefling's answer quoted above and the evidence offered which tended to prove them presented a material issue for the consideration of the jury, constituting, if found to be true, a complete defense to the plaintiff's action. If Hoefling received the conveyance of the land as the mutual friend or common trustee of both Kampmann and Dobbin, for the purpose of holding the title for and conveying it to the one and receiving the money for and paying it over to the other, having no interest in the matter himself, as alleged and as the testimony tended to prove, and if it further be true that Hoefling did all in his power to sell the land and perform the trust undertaken by him, and that he was prevented from so doing by the interference of Dobbin, it could not be claimed that Hoefling should be held liable to Dobbin as a purchaser.

The District Court did not submit this issue to the jury and refused to give the following special charge asked by Hoefling:

"If you believe from the evidence that by the deed dated January 2, 1893, from plaintiff Dobbin and wife to the defendant Hoefling, the title of the property therein described, was not intended by the parties to said instrument to be vested in defendant Hoefling, but that said Hoefling took the title thereto in trust, to be conveyed to defendant Kampmann as soon as the liens and charges then existing on said land could be removed, and that the plaintiff Dobbin was to receive as a consideration therefor the difference between the amounts of the liens and the charges on said land with interest up to the time they were satisfied, with his indebtedness to defendant Hoefling added together, and the

sum of $38,745, and that nothing was to be paid to said Dobbin by defendant Hoefling until the liens and charges on said land were fully paid off and satisfied, and said land ·conveyed to said Kampmann by said Hoefling; and you further believe from the evidence that after the execution of said deed of January 2, 1893, from Dobbin and wife to Hoefling, the said Dobbin repudiated the same and the terms and agreement upon which it was made, and abused and slandered defendant Hoefling's title to said property, and that by reason thereof the defendant Kampmann declined to accept the deed to said land from said defendant Hoefling, and said defendant Hoefling was thereby prevented from carrying out his agreement with plaintiff; and you further find from the evidence that thereafter the defendant Hoefling purchased said land at foreclosure sale of the trust deed in favor of the Scottish-American Freehold Mortgage Company, Limited, then under these circumstances you are instructed that the plaintiff cannot recover herein, and you will so say by your verdict."

It is the duty of the court to submit to the jury every material issue which is properly made by the pleading and supported by the testimony and which is material in the determination of a case, and when the judge of a court omits, as in this case, to submit such an issue, a refusal of a special charge presenting that issue to the jury constitutes such error as will require the reversal of the judgment.   Smithwick v. Andrews, 24 Texas, 488; Tel. Co. v. Andrews, 78 Texas, 305.

This charge refused properly presented the issue which the court had omitted from its charge, and that issue being material to the defendant it was error in the District Court to refuse the charge; for which the judgments must be reversed.

The plaintiff in error presents in his application a number of grounds upon which it is claimed that the court below committed error in the trial of this cause, but we find no other error than that stated above which it is necessary for us to notice in this opinion, except to state that in excluding testimony which tended to sustain the issue presented by the answer of Hoefling as before quoted the trial court committed error, but evidently did so upon the theory that the facts alleged and proved constituted no defense to the action.   We therefore regard it as unnecessary to pass upon those questions in this opinion, as a like ruling will not probably be made upon another trial.

It is ordered by the court that the judgments of the District Court and Court of Civil Appeals be reversed and that this cause be remanded to the District Court of Bexar County for further trial.

*Reversed and remanded.*

DENMAN, Associate Justice, did not sit.

ON MOTION FOR REHEARING.

BROWN, ASSOCIATE JUSTICE.—We find no error in our former opinion in this case, and this motion must therefore be overruled.

The defendant in error suggests that the opinion of this court might be understood by the trial court to mean that the proof of certain facts stated with regard to the trust claimed by plaintiff in error to have been created by the transaction would constitute a defense to any claim that Dobbin might make against Hoefling for a violation of his trust. The petition upon which the case was tried is based upon a sale made by Dobbin to Hoefling and there are no allegations in the petition which claim that Hoefling in any way violated any trust reposed in him. If Hoefling was by the transaction intended to be the trustee of Dobbin and of Kampmann, then he was not the purchaser from Dobbin, and whatever may be his liability as a trustee he is not liable as a purchaser. If he was a purchaser, then the evidence which would exonerate him from liability as trustee would not be admissible, because his real character being that of purchaser, no liability of a trustee could attach to him, and on the other hand if he was a trustee then the obligation of a purchaser was never contracted by him.

The opinion was directed to the case made and we think will not be misunderstood by the court and misapplied to a different case.

The motion for rehearing is overruled.

*Motion overruled.*

DENMAN, Associate Justice, did not sit.