HARRY J. REMMERS, Respondent, v. LEE SHUBERT, Appellant.

St. Louis Court of Appeals.    Submitted on Briefs January 11, 1911.    Opinion Filed February 21, 1911.

1. **PLEADING: Joinder of Causes of Action: Special Contract and Quantum Meruit: Contracts.** It is not, technically, a misjoinder to join in the same petition a claim founded upon a special contract, covering the performing of certain work and the price to be paid, with a claim for the value of the services rendered and materials furnished as on an implied contract to pay.

2. **CONTRACTS: Joint and Several Liability.** Where, in an action against two defendants, the petition was susceptible of stating causes of action on a special contract for work and materials and on an implied contract, and the cause was tried as setting forth a cause of action on an implied contract, judg-

ment on a verdict against one of the defendants alone was properly rendered, since, under section 2769, Revised Statutes 1909, all contracts which, by the common law, are joint only, are construed as joint and several.

3. **TRIAL PRACTICE: Demurrer to Evidence: Waiver.** A defendant who, after the overruling of his demurrer to plaintiff's evidence, puts in testimony, thereby waives the demurrer.

4. **CONTRACTS: Implied Contract: Work and Labor: Sufficiency of Evidence.** In an action for work performed and material furnished, evidence *held* sufficient to justify a finding that plaintiff performed the work and furnished the material sued for under employment by an authorized agent of defendant, so as to make the latter liable on an implied contract.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench*, Judge.

AFFIRMED.

*A. M. Frumberg* and *A. R. Russell* for appellant.

(1) Where the action is founded on a joint contract, no recovery can be had against one of the defendants on his several liability. Davis v. Creamery Assn., 63 Mo. App. 477; Timber Co. v. Railroad, 180 Mo. 463; 9 Cyc. 755. (2) Where the action is based on an express contract, no recovery can be had on a *quantum meruit*. Koons v. St. L. Car Co., 203 Mo. 227; Taussig v. Mill & L. Co., 124 Mo. App. 209; Railroad v. Railroad, 189 Mo. 538; Wade v. Nelson, 119 Mo. App. 278; Davis v. Drew, 132 Mo. App. 503; Huston v. Tyler, 140 Mo. 252; McDonald v. Stevinson, 104 Mo. App. 193; Eyermann v. Mt. Sinai Cemetery, 61 Mo. 489; Lumber Co. v. Snyder, 65 Mo. App. 503; Squire v. Brewing Co., 90 Mo. App. 462; Cox v. Bowling, 54 Mo. App. 289; Cole v. Armour, 154 Mo. 333; Chitty v. Railroad, 148 Mo. 74; Hayes v. Bunch, 91 Mo. 467; Evans v. Cut Stone Co., 81 Mo. App. 60; Mansur v. Botts, 89 Mo. 651; Williams v. Railroad, 112 Mo. 491; Moore v. Mfg. Co., 113 Mo. 99; Redman v. Adams, 165 Mo. 60; Veach v. Norman, 104 Mo. App. 387. (3) There was no proof that

Jacob J. Shubert was the agent of Lee Shubert, while the plaintiff's own evidence showed that the employment of plaintiff and promise to pay him was made individually with Jacob J. Shubert. Ross v. McAnaw, 72 Mo. App. 99; Bradshaw v. Cochran & Burnham, 91 Mo. App. 294. (4) There was no proof that J. J. Shubert was the agent of defendant Lee Shubert, or had any authority to bind the latter as principal. Furniture & Carpet Co. v. Crawford, 127 Mo. 365; State ex rel. v. Henderson, 86 Mo. App. 490; Polack v. Hannauer, 26 Mo. App. 263; Taylor v. Sartorius, 130 Mo. App. 35; Rensberg v. Harris, 46 Mo. App. 406.

*D. J. O'Keefe* for respondent.

(1) The cause of action stated in plaintiff's petition is both joint and several. Plaintiff had a right to join all or as many defendants as he deemed proper, and is entitled to judgment against all defendants or any one or more of them that the evidence produced in the trial shows to be liable. R. S. 1909, secs. 1734, 1981, 2091, 2769 and 2772; Bliss on Cole Pl., secs. 92 and 93; 15 Am. and Eng. Ency. of Pleading and Practice, pp. 556, 557, 745; McElroy v. Ford, 81 Mo. App. 500; Paper Co. v. Bosbyshell, 14 Mo. App. 534; Northup v. Chambers, 90 Mo. App. 61; Bryant v. Hawkins, 47 Mo. 410; Putnam v. Ross, 55 Mo. 116. (2) Plaintiff's petition states a cause of action in assumpsit. Though the evidence of plaintiff may have shown that it was implied assumpsit the facts were properly pleaded. R. S. 1909, sec. 1794; Pattison's Code Pleading, sec. 68; Wetmore v. Crouch, 150 Mo. 671; Railroad v. Kimmel, 58 Mo. 83; Redman v. Adams, 165 Mo. 60; Shaffner v. Leahy, 21 Mo. App. 110. (3) Appellant waived any defect there might have been on account of variance between the pleading and proof by his failure to pursue the remedy pointed out by our statute and his submission of the case to the jury. R. S. 1909, sec.

2021; 22 Am. and Eng. Ency. of Pl. and Pr., pp. 542-554; Schmidt v. Schmeeter, 45 Mo. 502; Casey v. Donovan, 65 Mo. App. 521; Livery Co. v. Joyce, 41 Mo. App. 564; Fischer v. Max, 49 Mo. 404; Toppass v. Kellogg Syrup Co., 74 Mo. App. 402; Davies v. Brown, 67 Mo. 313; Chauquette v. Railroad, 152 Mo. 257; McGonigal v. Railroad, 144 Mo. 24; Chapman v. Currie, 51 Mo. 40; Clements v. Maloney, 55 Mo. 352; Hayes v. Bunch, 91 Mo. App. 467. (4) The agency existing between Jacob J. Shubert and Lee Shubert was fully established by the evidence, and all the instructions given by the court were correct. Cummings v. Hurd, 49 Mo. App. 139; Summerville v. Railroad, 62 Mo. 391; Norton v. Bull, 43 Mo. 113; Bonner v. Lisenby, 86 Mo. App. 666; Hackett v. Van Frank, 105 Mo. App. 384; Dry Goods Co. v. Bank, 81 Mo. App. 46; Mechem on Agency, sec. 148; Nichols et al. Co. v. Kern, 32 Mo. App. 1; 1 Am. and Eng. Ency. of Law, pp. 1136, 1139, 1196 and 1213.

REYNOLDS, P. J.—By his amended petition upon which this case was tried and in which amended petition the defendants therein are Garrick Building Company, a corporation, Lee Shubert, administrator of the estate of Samuel S. Shubert, deceased, Lee Shubert, individually, and Jacob J. Shubert and C. A. Bird, the defendants were alleged to have employed plaintiff about the first of January, 1905, to do certain work and furnish certain materials for the Garrick Theater Building, of which it was averred in the amended petition, that defendants Lee Shubert and Samuel S. Shubert were lessees of the Garrick Building Company, holding the same as sub-tenants of the Garrick Building Company. It is averred that in pursuance of the employment and contract with defendants, plaintiff performed the work and furnished materials in accordance with the orders and directions of defendants and their duly authorized agents and "for the price and amount agreed upon between the plaintiff and defend-

ants, amounting in all to the sum of $608.43," as set out in an itemized account filed with the petition. It is further averred "that the price charged for said work and labor rendered and materials furnished as aforesaid are the fair and reasonable value of said work and labor rendered and materials furnished, and is the agreed price and value thereof." Averring demand and failure and refusal to pay, plaintiff demands judgment against defendants and each of them for the above sum with interest and costs.

The defendant Garrick Building Company for answer filed a general denial. The defendants Jacob J. Shubert, Lee Shubert and C. A. Bird filed their answer, which answer, denying each and every allegation in the petition and averring that at the commencement of the action Samuel S. Shubert had been dead for a period of about two years, set out that the fact of the death of Samuel S. Shubert was well known to plaintiff at the time and therefore defendants interposed no answer in regard to Samuel S. Shubert, "but demand of plaintiff to know by way of reply what said Sam S. Shubert, deceased, had to do with the transactions herein complained of, and also specifically what these defendants had to do in the transactions set out in plaintiff's petition, as they are not advised thereby." Further answering, these three defendants set out that the building known as the Garrick Theater is built upon ground formerly held under a leasehold by one Swazey, who built it; that prior to the erection of the theater building or completion thereof, about the 15th of October, 1903, Swazey, as the owner, made a lease or sublease of the premises to Samuel S. Shubert, deceased, and the defendant Lee Shubert; that after the execution of the leasehold and on a date left blank in the answer, Swazey caused a corporation to be organized to take over the lease from himself to the Shuberts, the corporation being organized under the laws of the State of Missouri, and that thereafter and to the

present time the corporation known as the Garrick Building Company has owned the lease, the lease being for a term of twenty-one years, commencing on the 1st day of May, 1904, and that this Shubert lease was thereafter taken over by a corporation organized under the laws of Missouri, known as the Garrick Theater Company, which has ever since operated the theater under the lease acquired by it from Samuel S. and Lee Shubert. In brief, as the answer says, since the opening of the Garrick Theater on a day left blank, the ground upon which the theater is situated has been and is now owned by the George T. Riddle Real Estate Company, the ground-lease and building by the Garrick Theater Building Company, the right to operate a theater in the building and occupation and use thereof for a period of 21 years belonging to the corporation known as the Garrick Theater Company, in which defendants say they have no interest except so far as they may be interested as stockholders. The lease from Swazey to Samuel S. and Lee Shubert is set out in part, the point supposed to be relevant to the case at bar being, that upon the taking possession of the premises by the Shuberts, Swazey contracted that the building should be absolutely complete in every detail, ready for occupancy and operation as a theater; that it should be erected as quickly as possible; that the work on it should be done in a competent and workmanlike manner and within reasonable time, and that the Shuberts are not to be liable or responsible for any injury of whatever nature during the building and construction of the theater building. The answer further avers that plaintiff ought not to have or maintain his action against them because they have no personal interest in the theater building and had not promised anybody in writing to assume any obligation whatever in respect to the Garrick Building Company.

The reply was a general denial.

155 App.—38

The trial was before the court and a jury.

It will serve no good purpose to set out the testimony in detail. It is sufficient to say that the plaintiff, testifying for himself, said that he had no written contract whatever for doing the work sued for with anybody, but that on the employment of Jacob J. Shubert and C. A. Bird, two of the defendants, he had done the work sued for. He further testified to the value of the work done and materials furnished; that it had all been done and furnished as set out in his itemized account and was reasonably worth the charges he had made for it. He testified that he did not know the Garrick Theater Company and that he had made his contract with the defendant Jacob J. Shubert, assuming that he was the agent of Samuel S. and Lee Shubert. He also testified to acts of Jacob J. Shubert, in connection with the doing of the work and superintendence and management of the building and of the fact that it had not been paid for. Other witnesses testified to facts tending to show that the lessees of the building at the time the work was done by plaintiff were Samuel S. and Lee Shubert. There was also evidence tending to show that checks paid to parties working at the building were drawn in payment in the name of Samuel S. and Lee Shubert and that Jacob J. Shubert had held himself out as their agent. The leases referred to were in evidence as well as an agreement of date April 4, 1904, between the George T. Riddle Real Estate Company and Samuel S. and Lee Shubert, whereby the Real Estate Company consented to the assignment of the lease from Swazey to the Shuberts. There was testimony on the part of plaintiff to the effect that the rent for the theater building during the months of January and February, 1905, when the work was claimed to have been done by plaintiff under his employment by Jacob J. Shubert, was paid to the Garrick Building Company by Samuel S. and Lee Shubert, and while defendants Jacob J. Shubert and C. A. Bird deposed that

they did not know plaintiff and that neither of them had ever employed him, there was testimony of the most positive kind from witnesses outside of plaintiff himself, that Jacob J. Shubert, after insisting to an agent of Swazey, that it was Mr. Swazey's duty under the lease and contract to make the additions and repairs required and upon that being positively denied and all responsibility for them repudiated by Mr. Swazey's agent, that Jacob J. Shubert had thereupon asked where he could find plaintiff and had sent a man to his office who left a card notifying plaintiff to meet Shubert at the theater building, and that plaintiff going there in the afternoon of the day that the card was left, had been employed by Jacob J. Shubert to do the work sued for. In brief there was a direct conflict of evidence as to the fact of agency but no conflict whatever over the proposition that no express contract as to compensation and, as defendants claim, no written contract of employment was ever entered into between the parties. We may say that this is conceded. Plaintiff dismissed before final submission as to the Garrick Building Company and as to Lee Shubert, as administrator of the estate of Samuel S. Shubert, deceased, and the case went to the jury as to the defendants Lee Shubert, Jacob J. Shubert and C. A. Bird.

The court gave several instructions at the instance of plaintiff and one of its own motion and refused an instruction asked by defendants Lee and Jacob J. Shubert. The jury returned a verdict against Lee Shubert for the full amount sued for and interest, but against plaintiff and in favor of the defendants Jacob J. Shubert and C. A. Bird, and judgment followed against defendant Lee Shubert. From this, after duly saving exceptions, that defendant has perfected appeal to this court.

The learned counsel for the appellant very strenuously contend, and with great ability attempt to sustain their contention, that this is an action upon a spe-

cial contract and that contract a joint contract and no such contract having been proven, plaintiff cannot recover. It is true that the petition does set out a special contract both for doing the work and the price, but, as will be seen from the summary of the petition which we have given, it also mingles with this a claim for the value of the services rendered and materials furnished, that is *quantum meruit* for work and *quantum valebat* for labor, as on an implied contract to pay, the work and material having been ordered and contracted for by the defendants. This is not, technically, misjoinder. No such point is here made. No attack was made upon the petition by demurrer or otherwise in the trial court. The learned counsel for appellant, claiming there are two causes stated, now endeavors to hold the plaintiff to an action as one resting wholly upon a special contract. They cannot do that. It is true that the petition is susceptible of construction as one on both a special contract and on an implied one for payment for work and labor done and material furnished. But it was tried by the court as on the latter. Under our statute, section 2769, Revised Statutes 1909, whether an express or an implied one, all contracts, which, by the common law, are joint only, are to be construed to be joint and several.

Counsel argue with very great force, that at the close of plaintiff's case, the demurrer which was then interposed should have been sustained. However that may be, after that demurrer was overruled, defendants not resting on the demurrer, put in their testimony. That waived the demurrer. Plaintiff introduced testimony in rebuttal, which certainly helped out plaintiff's case as originally made.

After a careful reading of all the testimony, we hold there was testimony, although conflicting and even slight, sufficient and substantial enough to justify the court in submitting the case to the consideration of the jury. The jury had before it that testimony and on it

had a right to draw the inference that the employment was by a duly authorized agent of the defendant Lee Shubert; that the work and labor and materials were put on a building then under his control and that of his brother, and being operated for them by this agent. Thereby defendant Lee Shubert became liable for the value thereof. We find no error justifying a reversal either for lack of testimony or in the instructions given or in the action of the court in refusing those asked.

The judgment of the circuit court is affirmed. *Nortoni* and *Caulfield, JJ.,* concur.