GRAND TEMPLE AND TABERNACLE IN STATE OF TEXAS OF KNIGHTS AND DAUGHTERS OF TABOR OF INTERNATIONAL ORDER OF TWELVE v. JOHNSON.

(Court of Civil Appeals of Texas. San Antonio. March 26, 1913. Rehearing Denied April 30, 1913.)

1. TRIAL (§ 420*)—WAIVER OF ERROR—DIRECTION OF VERDICT.

Defendant's motion for an instructed verdict at the close of plaintiff's evidence is waived by an election to proceed with his case and to present his defense.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 983; Dec. Dig. § 420.*]

2. APPEAL AND ERROR (§ 294*)—NECESSITY OF MOTION FOR NEW TRIAL—REVIEW OF SUFFICIENCY OF EVIDENCE.

The sufficiency of the evidence to support the verdict cannot be questioned upon appeal, unless presented to the court below in a motion for a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1724, 1725, 1727–1735; Dec. Dig. § 294.*]

3. APPEAL AND ERROR (§ 302*)—MOTION FOR NEW TRIAL—SUFFICIENCY OF MOTION—SUFFICIENCY OF EVIDENCE.

In an action against a fraternal order for damages alleged to have been caused by a fall during the initiation of plaintiff, in which it was in issue whether plaintiff was being initiated or was only taking the obligation, in which latter ceremony defendant did not authorize the use of swords, a motion to set aside the verdict for plaintiff and grant a new trial, because the undisputed evidence was that plaintiff was being obligated in defendant's order, and that defendant did not authorize the use of swords during that ceremony, and that the verdict against defendant was contrary to the law and the evidence, was not adequate to raise on appeal the question whether the evidence, upon the whole case, was sufficient to support the verdict.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

4. TRIAL (§ 105*)—OPINION EVIDENCE—FAILURE TO OBJECT.

In an action for injuries received while being initiated into defendant's membership, in which defendant answered by general denial and special plea that plaintiff was only being obligated, conclusions of plaintiff's witnesses to the effect that he "was being initiated," or was "brought there to be initiated," or "was told to come and be initiated," were evidence, where they were admitted without objection, and that theory of the case was fully presented to the jury by the court's general charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 260–266; Dec. Dig. § 105.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

5. BENEFICIAL ASSOCIATIONS (§ 20*)—TORTS—MATTERS ADMISSIBLE UNDER GENERAL DENIAL.

Under a general denial in an action for injuries received by a fall during plaintiff's initiation into defendant's membership, defendant might show that plaintiff's injury was in fact caused by the willful act of a stranger, or by a spirit of malice.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 51–56; Dec. Dig. § 20.*]

6. BENEFICIAL ASSOCIATIONS (§ 20*)—TORTS—THEORY OF DEFENSE.

In an action for injuries alleged to have been caused by one of defendant's agents, while initiating plaintiff into defendant's membership, by negligently permitting a sword, which such agent was required to carry, to trip plaintiff, in which defendant answered by general denial and specially pleaded that plaintiff was only being obligated, in which ceremony the use of a sword was not authorized, and also that the injury was caused by a stranger in a spirit of sport or play, tried upon both of these theories, the court, on any evidence that the injury resulted from the act of a stranger, should have given defendant's special affirmative charge covering its theory that the injuries resulted from the act of a stranger in a spirit of sport or play.

[Ed. Note.—For other cases, see Beneficial Associations, Cent. Dig. §§ 51–56; Dec. Dig. § 20.*]

Appeal from District Court, Bexar County; A. W. Seeligson, Judge.

Action by Smith Johnson against the Grand Temple and Tabernacle in the State of Texas of the Knights and Daughters of Tabor of the International Order of Twelve. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

See, also, 135 S. W. 173.

Carlos Bee and C. C. Todd, both of San Antonio, for appellant. T. H. Ridgeway and John Sehorn, both of San Antonio, for appellee.

TALIAFERRO, J. This is the second appeal of this case to this court. The former opinion appears in 135 S. W. 173. A full statement of the case is there made, which, so far as is necessary to the determination of this appeal, sufficiently states the case as it is now presented.

Appellant's fifth, sixth, seventh, eighth, ninth, and tenth assignments of error assail the judgment of the court in overruling the motion for an instructed verdict, "made when the plaintiff rested his case," upon the ground that the appellee had wholly failed to show that his injury was the result of an authorized act of appellant's agent, or that the act which caused appellee's injury was a part of any ceremony authorized by the appellant. This motion was overruled by the court; appellant proceeded to put on testimony, and did not renew its motion for an instructed verdict at the end of the trial.

[1] Appellee insists that under the decisions of this state and the great weight of

authority appellant is conclusively presumed to have waived its motion for an instructed verdict by having elected to proceed with its case and present its defenses, rather than stand upon its motion and submit the case to the jury upon the evidence of appellee. There is no doubt about the correctness of appellee's position upon this point. In the case of Goggan v. Goggan, 146 S. W. 972, in which Chief Justice James wrote the opinion, the court said: "The second assignment is as follows: 'The court erred in overruling the motion of the defendant and interveners for an instructed verdict in their favor at the conclusion of plaintiff's testimony in chief, because the evidence failed to establish the case pleaded by him, and required judgment in favor of defendant.' A bill of exceptions was taken. This assignment must also be overruled. The bill shows the defendant did not demur to the evidence, and did not waive the right to introduce evidence on behalf of defendant, should the motion be overruled, but reserved that right. If the court had granted the motion and given a peremptory charge, plaintiff could have assigned error thereon. But appellant had not the right to do so when it was overruled, where he did not submit to withdrawing the case from the jury and did not rely solely upon the testimony already introduced, but chose not to do so." Semple v. United Railways Co., 152 Mo. App. 18, 133 S. W. 114; Remmers v. Shubert, 155 Mo. App. 588, 134 S. W. 1043; Lohnes v. Baker, 156 Mo. App. 397, 137 S. W. 283; Mound Oil Co. v. Heitman, 148 S. W. 1189; S. A. Traction Co. v. Kelleher, 48 Tex. Civ. App. 421, 107 S. W. 64.

[2] It is well settled, as urged by appellee, that in our practice the sufficiency of the evidence to support the verdict cannot be raised upon appeal, unless it has been presented to the court below in a motion for a new trial. W. U. Telegraph Co. v. Mitchell, 89 Tex. 441, 35 S. W. 4; Clark v. Pearce, 80 Tex. 146, 15 S. W. 787; City v. Forbis, 99 Tex. 238, 89 S. W. 405; Railway v. Sparger, 11 Tex. Civ. App. 82, 32 S. W. 49.

[3] The motion for new trial in this case nowhere questions the sufficiency of the evidence to support the verdict, unless it is done in the twentieth paragraph, which reads as follows: "The court ought to set aside the verdict of the jury rendered herein and grant this defendant a new trial, because the undisputed evidence before this court is that plaintiff was being obligated as a charter member in Lone Star Temple No. 143 on the night of said injury, and the undisputed evidence before the court further shows that defendant does not authorize the use of any sword or saber, or regalia whatever, during the ceremony of obligation; and the jury having found as a matter of fact, in the face of said charge

of the court, against defendant, said verdict is contrary to the law and evidence of this case."

We must agree with appellee that this paragraph, which is transcribed verbatim and made the twentieth assignment of error, does not sufficiently raise the issue. We would construe it to have been an attack upon the sufficiency of the evidence, even though its language seems to assail only the charge of the court, if it had contemplated the whole case. This it does not do, but only contends that appellant did not authorize the use of swords in the "obligation" of charter members. One of the controverted questions presented in the case was whether appellee was being *initiated*, or was only taking the *obligation*. It might be admitted that the swords were not authorized in giving the obligation, and it would not change the situation, because the jury might have found from the evidence that the appellee was being "initiated," and not merely "obligated," and that in the ceremonies of initiation the sword was authorized. The assignment is wholly inadequate to raise the issue of the insufficiency of the evidence upon the whole case to support the verdict.

There is no merit in appellant's second, third, fourth, eighteenth and twentieth assignments of error, and they are overruled.

[4-6] Appellant, in its fourteenth assignment of error, contends that the court erred in refusing to give the following special charge to the jury: "If you believe from the evidence that, while plaintiff was being obligated into Lone Star Temple No. 143 on October 18th, 1908, some person deliberately and willfully, either in a malicious and wanton spirit, or in a spirit of sport and play placed a sword or saber between the legs of plaintiff and caught the said plaintiff over his toe, and pulling his leg back violently threw him to the ground, then you are instructed that the defendant would not be liable for any injury received by plaintiff, if any, and you are charged that under those circumstances the plaintiff cannot recover, and your verdict will be for the defendant."

This assignment is well taken. The petition of appellee charged that one of appellant's agents, while initiating appellee into membership in Lone Star Lodge 143, a subordinate lodge of appellant order, injured him in the manner complained of by carelessly and negligently permitting a sword or saber, which said agent was required to carry, to become entangled between appellee's legs, whereby he was thrown to the ground. Appellant answered by general denial and special plea that appellee was not being initiated, but that he was being obligated, and that in the ceremony of obligation the use of a sword by the officers or members of the lodge was not authorized; and further alleged that the injury of appellee was caused by the act of some one, not connected with the appellant, in a spirit of sport or play, and not in performance of any act contemplated in or required by the ritual. The case was tried upon these two theories. Appellee's proof tended to show that the appellee was being initiated, and many witnesses in their testimony broadly stated their conclusion that the appellee "was being initiated" or was "brought there to be initiated," or "was told to come and be initiated." These statements of conclusion are evidence, for the reason that they were admitted without objection, and that theory of the case was fully presented to the jury in the court's general charge. But, on the other hand, there was evidence that appellee was only being obligated, and that in the ceremony of obligation no swords were permitted by appellant order, and also evidence tending to show that appellee's injury was caused by the act of some one who willfully placed the wire attached to one of the wooden swords over appellee's toe and violently pulled his foot, throwing him to the floor. Appellee himself testified that "some one slipped something behind my left leg, over the toe of my right foot, and drew it violently backward and threw me forward on my right knee." Appellee was hoodwinked and could not see how this was done; but it was not necessary for him to see to be able to say that the object which was placed over his toe was "violently pulled," or that the violent pulling was the real cause of his fall. He also testified that the *man who conducted* him was Allen Brothers; that Allen Brothers, in putting the hoodwink on appellee's eyes, leaned the sword that he carried against appellee's knee; and that he saw the sword, and knew the sword that caught his toe and tripped him *was not the sword* carried by Allen Brothers. Under its plea of general denial appellant had the right to show that appellee's injury, instead of having been caused as appellee alleged, was in fact caused by the willful act of a stranger, or in a spirit of malice, and if there was evidence that the injury was so caused appellant had a right to have that issue affirmatively submitted to the jury. The court did not do that in his general charge, and he should have given appellant's special charge covering that theory of its case. Norwood v. Boon, 21 Tex. 592; St. L. & S. W. Ry. v. Casseday, 92 Tex. 525, 50 S. W. 125, and cases there cited; Hoefling v. Dobban, 91 Tex. 210, 42 S. W. 541, 43 S. W. 262, and cases cited; Railway v. Shieder, 88 Tex. 167, 30 S. W. 902, 28 L. R. A. 538; S. A. Machine & Supply Co. v. Campbell, 110 S. W. 770, and cases cited.

For the above error the judgment of the lower court is reversed and the cause remanded for a new trial. The opinion of this court written in this case at a former day of this term is withdrawn, and this opinion is substituted for the same.