GULF, COLORADO & SANTA FE RAILWAY CO. v. J. C. SPARGER.

No. 844.

**1.  Charge of Court—Pleading Necessary.**

Where there was no allegation in the pleadings as to loss of time, it was error for the court to charge upon the same as an element of damages.

**2.  Practice—Errors in—Charge of Court—Motion for New Trial—Appeal.**

Errors in the charge of the court, though not complained of in motion for new trial, may be reviewed on appeal.

APPEAL from the County Court of Fannin.  Tried below before Hon. JAMES Q. CHENOWERTH.

*J. W. Terry* and *Charles K. Lee,* for appellant.—The charge should be confined to the case as made by the pleadings, and should only submit to the jury for their consideration the elements of damages claimed by the petition.  Railway v. Robinson, 73 Texas, 277.

*Taylor, Galloway & McGrady,* for appellee.—The error in the charge, if any, was harmless, when not complained of below.  If error, it has been waived.  Rev. Stat., art. 1369; Rules 67 and 68, Court Civ. App.; Hammond v. Garcia (Civ. App.), 29 S. W. Rep., 823.

FINLEY, ASSOCIATE JUSTICE.—The appellee, plaintiff below, instituted this suit in the County Court of Fannin County to recover of defendant $500 damages for injuries alleged to have been caused by wrongful ejection of plaintiff from one of defendant's passenger trains, plaintiff claiming that on February 17, 1893, he applied at the ticket office of defendant at Ladonia, Texas, in due time for a ticket to Wolfe City; failing to procure the same he boarded the train for Wolfe City, and thereafter was put off the train by the conductor because he refused to pay ten cents additional fare, and prayed damages, etc.

Defendant answered by general demurrer and general denial.

Trial October 23, 1893, and judgment for plaintiff for $200.  Motion for new trial made, and overruled, and the case has been properly brought to this court by appeal.

Upon the trial of the cause the court charged the jury as follows: "If you believe from the evidence that the plaintiff is entitled to damages of the defendant, then I charge you that in considering the amount of damages you will be authorized to take into consideration all the circum-

stances attending the said ejectment from the train, and the conduct of defendant's agents and servants at the time; the mortification to which plaintiff may have been subjected; the loss of time from his employment, and the difficulties attending his return to some point from which he could pursue his journey."

This charge is complained of as erroneous, upon the ground that the plaintiff did not seek to recover, by allegations in his pleadings, damages for the loss of time from his employment, and the charge therefore submitted an element of damages which was not legitimately involved in the case.

The allegations of damages contained in the petition are as follows: "Thereupon said conductor stopped said train and grossly insulted plaintiff, and, acting along with defendant's other servants on said train, wrongfully and maliciously, without cause and with force and arms, put plaintiff off said train and refused him the right of passage aforesaid, and subjected plaintiff to great humiliation and shame in the presence and hearing of a great number of passengers then and there on said train, who, being ignorant of the causes why plaintiff was put off said train, taunted and jeered him and greatly humiliated him; that plaintiff was at said date a traveling salesman, was a man of good repute, with much pride of character, and was at said date engaged in active pursuit of his said business, and the indignity aforesaid, which was by the said conductor wantonly inflicted upon plaintiff in the presence and sight of many persons on said train, among whom were friends and acquaintances, with whom plaintiff had good standing, brought upon plaintiff great humiliation and disgrace, and thereby inflicted great harm to his feelings and shock to his pride, to his great damage as aforesaid, and from which he suffered great mental pain, and thereby plaintiff was compelled to walk and carry his baggage, which weighed forty or fifty pounds, at a great distance, to-wit, three miles to Ladonia, the nearest accessible station, which was a great inconvenience and tiresome hardship, to his damage as aforesaid."

The plaintiff testified, that "by reason of being put off the train, at the time I was put off, I failed to make my regular trip to see my customers, and in fact, I went back to Bonham, my home, and did not see my customers for two weeks. I had regular days on which to see my customers." It will be observed that there is no allegation in the pleadings of loss of time as a basis of damages, while the evidence tends to show a loss of some two weeks' time from his regular business. The verdict rendered is for an amount which renders it quite probable that the jury considered this element of damage in arriving at the amount to be awarded. It is error for the trial court to submit for the consideration of the jury an element of special damages, unless a proper basis for such damages is found in both the pleadings and the evidence. Railway v. Robinson, 73 Texas, 277; Railway v. Measles, 81 Texas, 478; Railway v. Richard, 27 S. W. Rep., 921; Railway v. Bigham,

30 S. W. Rep., 254; Campbell, Receiver, v. Cook, 86 Texas, 632; Railway v. Rossing, 26 S. W. Rep., 243.

Appellee urges that this assignment of error ought not to be considered by this court, for the reason that the error complained of was not embraced in and made a ground of the motion for new trial in the court below. The proposition announced is: "Errors in the charge of the court not complained of in the motion for new trial, cannot be raised for the first time in this court unless they go to the foundation of the cause of action or defense." In support of this proposition, counsel cite Rev. Stats. art. 1369; Rules 67 and 68; and Hammond v. Garcia, 25 S. W. Rep., 823.

The article of the statutes referred to reads as follows: "Motions for new trial.—Every such motion shall be in writing and signed by the party or his attorney, and shall specify the grounds upon which it is founded; and no ground other than those specified shall be heard or considered."

The preceding article (1368) reads: "New trials may be granted, and judgments may be set aside or arrested on motion for good cause, on such terms and conditions as the court shall direct."

These provisions are a part of the practice acts governing the trial courts, and relate to the granting of new trials and arresting judgments therein.

Rules 67 and 68 are a part of the system of rules made and announced by the Supreme Court for the government of such trial courts, and relate to the same matter, and cover the same ground embraced in the statutory provisions, being some fuller and more specific as to the requisites of such motions.

The case of Hammond v. Garcia, referred to, is a decision of the Court of Civil Appeals of the Fourth District (San Antonio). This case is in point and fully sustains the proposition contended for by counsel for appellee. It will be seen by an examination of the opinion in that case that the conclusion reached is based upon the hypothesis, that it is necessary to make a motion for new trial in order to perfect an appeal from the judgment of the trial court. This language is used in the opinion: "The assignments bringing the charge into review were filed, as is permissible, after the adjournment. The case was tried by a jury, and, in order to perfect an appeal to the Appellate Court, it was essential that a motion for new trial should be made."

Upon this hypothesis, the court logically reached the conclusion that all matters intended to be reviewed upon appeal, were required to be embraced in the motion for new trial. We cannot agree with the premise upon which the courts rests the proposition. We find no statute requiring a motion for new trial to be made as a requisite to perfecting an appeal from the judgment of the trial court. On the contrary, we think it quite clear that such a motion is not essential to perfect an appeal. Article 1378, Rev. Stats., gives the method of perfecting an appeal, and

only requires notice of appeal to be given in open court, and the giving of an appeal bond or affidavit forma pauparis in lieu thereof.

It is true, that there are matters which will not be reviewed by the Appellate Court unless they have been brought to the attention of the trial court by motion for new trial. When the matter complained of arises upon the action of the jury, such as a complaint that the evidence is insufficient to support the verdict, or is excessive, it must be made a ground in a motion for new trial to secure revision by the Appellate Court. It has never been held by our Supreme Court, that we are aware of, that all matters desired to be reviewed on appeal should be presented to the court below in a motion for new trial.

In Dallam's Decisions, 379, it is said: "When, on a trial below, the opinion or action of the court is adverse to a party, and he deems it erroneous, he will not be considered at fault for not asking a new trial, but should save the questions or points and evidence involved and resort to this court, or ask a new trial, and if refused, resort here."

In Allen v. Stephanis, 18 Texas, 670, Chief Justice Hemphill says: "But this assignment has not been insisted upon by the appellant, from some apprehension that as the objection to the charge was not made a ground in the motion for new trial, it would not be heard in the Supreme Court. This would, perhaps, be a correct rule; but, so far, it is believed not to have been sanctioned in practice. No judgment will be reversed in this court on the ground that the verdict is not supported by the evidence, unless there has been a motion for new trial in the court below; but the rule has not been extended, it is conceived, to errors in the charge of the court."

In Clark & Loftus v. Pierce, 80 Texas, 151, our present Chief Justice Gaines, after re-announcing the rule, that complaints leveled at the action of the jury must be embraced in the motion for new trial in order to be considered by the Appellate Court, draws the proper distinction in this language: "In regard to the rulings of the court upon exceptions to the pleadings, the admission of evidence, and in the giving or refusal of instructions, a different rule prevails. Having once acted, it is not to be presumed that the judge will change his ruling; and hence, in order to appeal from such action, it is not necessary that it be made ground for a new trial. But it is always optional and proper to do so."

We think it clear that the position assumed is untenable.

There are several other questions presented, but we will not discuss them in this opinion. The judgment of the court below is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered June 19, 1895.