## CITY OF AUSTIN . ET AL. V. FRANK H. FORBIS.

### No. 1469.   Decided October 23, 1905.

**1.—Objection to Evidence—Motion for New Trial.**

It is not necessary that error in the admission of evidence, over objections duly made and preserved by bill of exceptions, should have been again urged in a motion for new trial in order to be available as ground for reversal on appeal.   (Pp. 238, 239.)

**2.—Same.**

A specification in a motion for new trial that "the court erred in admitting the testimony set out in defendant's 1st, 2d, 3d, 4th, 5th, and 6th bills of exceptions, because the testimony set out in each of said bills was subject to each of the objections urged against it in each of said bills," would be sufficient if it were necessary to present each of such errors in the motion in order to make it available on appeal.   (P. 238.)

**3.—Same—Bill of Exceptions—Presumption.**

It seems that where a ruling complained of was identified in a motion for new trial by reference to the bill of exceptions reserved thereon, it would be sufficient though the bill appeared to have been filed at a later date; the presumption would be that it had been prepared and was in the hands of the court.   (P. 238.)

**4.—Evidence—Declarations of Agents—Objection.**

The objection to evidence as inadmissible because it was declarations of mere agents of defendants made after the accident was sufficiently shown where the bill showed the objection made to be that defendants "would not be bound by any statement made by an employee long after the accident happened, and that they would not be bound by statements made between two agents."   (P. 239.)

**5.—Admissions by Agents.**

Distinguishing this case from the rule laid down in Missouri Pac. Ry. Co. v. Sherwood, 84 Texas, 125, and Same v. Gernan & Co., 84 Texas, 142, where admissions made by a general agent acting within the scope of authority given him to adjust claims were held to be evidence against his principal, it is held that declarations bearing on the question of negligence of a city in causing injuries to an employee in its electric lighting service, made by the president of its Water and Light Commission, were not admissible against the city, the charter not showing that he was invested with authority to adjust and settle claims.   (Pp. 239, 240.)

**6.—Negligence—Assumed Risk.**

Where there is evidence tending to show that an employee injured by the current while working upon the wires of an electric plant was apprised of the specific dangers attending the work before undertaking it the court should charge that in such case he assumed the risk.   (P. 240.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

Forbis sued the city and the Water and Light Commission to recover damages for personal injuries.   Defendants appealed from a judgment against them, and on its affirmance obtained writ of error.

*W. D. Hart* and *J. H. Hart,* for plaintiff in error.—Appellee, in accepting employment from appellant to perform the services he was performing when injured, held himself out as competent to perform

such services, and assumed all the ordinary risks and dangers incident thereto, and all the extraordinary risks and dangers of the employment known to him. He was bound to exercise proper care in the performance of his work, and can not claim indemnity from appellant for injuries resulting to him which might have been prevented if he had himself been reasonably vigilant. *Contributory Negligence.*—Sanches v. San Antonio & A. P. Railway Co., 88 Texas, 117; Gulf, C. & S. F. Railway Co. v. Sheider, 88 Texas, 152, 162; Gahagan v. B. & M. Ry. Co., 5 Atl., 146; International & G. N. Ry. Co. v. Lewis, 63 S. W. Rep., 1091; St. Louis S. W. Ry. Co. v. Martin, 63 S. W. Rep., 1089; St. Louis S. W. Ry. Co. v. Branom, 73 S. W. Rep., 1064; International & G. N. Ry. v. Graves, 59 Texas, 330; Texas & P. Ry. Co. v. Fuller, 5 Texas Civ., 667; Gulf, C. & S. F. Ry. Co. v. Abendroth, 55 S. W. Rep., 1122; Gulf, C. & S. F. Ry. Co. v. Wilson, 59 S. W. Rep., 590; International & G. N. Ry. Co. v. McCarthy, 64 Texas, 632. *Assumed Risk.*—Labatt on "Master and Servant," sec. 274, and cases cited under note 1; Ft. Worth, etc., Ry. Co. v. Gilstrap, 61 S. W. Rep., 351; Bonnet v. Railway Co., 89 Texas, 72; Texas Portland Cement Co. v. Poe, 74 S. W. Rep., 563; San Antonio & A. P. Ry. Co. v. Waller, 65 S. W. Rep., 210; Webb v. Gulf, C. & S. F. Ry. Co., 65 S. W. Rep., 684; International & G. N. Railway Co. v. Story, 62 S. W. Rep., 130; International & G. N. Railway Co. v. McCarthy, 64 Texas, 632; Texas & Pacific Railway Co. v. Bradford, 66 Texas, 732; Galveston, H. & S. A. Railway Co. v. Drew, 59 Texas, 10; Galveston, H. & S. A. Railway Co. v. Lempe, 59 Texas 1; Quill, et al., v. Houston & T. C. Ry. Co., 93 Texas, 616; Missouri P. Ry. Co. v. Somers, 71 Texas, 700; Missouri P. Ry. Co. v. Somers, 78 Texas, 439; Green v. Cross & Eddy, 79 Texas, 130; Texas & P. Ry. Co. v. French, 86 Texas, 96; Bonnet v. Galveston, H. & S. A. Ry. Co., 89 Texas, 75; Williams v. Railway Co., 116 N. Y., 628; Lovejoy v. Railway, 125 Mass., 79; Gulf, C. & S. F. Railway v. Donnelly, 70 Texas, 371, 373; Pilkinton v. Gulf, C. & S. F. Railway, 70 Texas, 229; International & G. N. Ry. Co. v. Hester, 72 Texas, 43; Ladonia Cotton Oil Co. v. Shaw, 65 S. W. Rep., 693. *Distinction Between Contributory Negligence and Assumed Risk.*—Texas & N. O. Ry. Co. v. Bingle, 9 Texas Civ. App., 326, approved by Supreme Court in Texas & N. O. Ry. Co. v. Bingle, 91 Texas, 287; Gulf, C. & S. F. Ry. Co. v. Brentford, 79 Texas, 619; Nix v. Texas & P. Ry. Co., 82 Texas, 473; Galveston, H. & S. A. Ry. Co. v. Garrett, 73 Texas, 263; Houston & T. C. Ry. Co. v. Myers, 55 Texas, 110; Texas & N. O. Ry. Co. v. Conroy, 83 Texas, 216; Houston & T. C. Ry. Co. v. Barrager, 14 S. W. Rep., 242; Mexican C. Ry. Co. v. Shearn, 18 S. W. Rep., 157; Rogers v. Galveston C. Ry. Co., 76 Texas, 505; Texas C. Ry. Co. v. Lyons, 34 S. W. Rep., 362; Houston & T. C. Ry. Co. v. Martin, 21 T. C. A., 209.

The declaration was not a part of the res gestæ, and therefore inadmissible. Missouri Pacific Railway v. Ivy, 71 Texas, 416; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 287; Gulf, C. & S. F. Railway v. Moore, 69 Texas, 160; Texas & N. O. Ry. Co. v. Crowder, 70 Texas, 226, and authorities there cited; City of Austin v. Ritz, 72 Texas, 400; Gulf, C. & S. F. Ry. v. York, 74 Texas, 368; Galveston, H. &

S. A. Railway v. LeGierse, 51 Texas, 204; San Antonio & A. P. Railway v. Belt, 46 S. W. Rep., 374; Abbott's Trial Evidence, sec. 51, pp. 55, 56; Alabama G. S. Ry. Co. v. Hawk, 72 Ala., 117; Louisville & N. Ry. Co. v. Carl, 91 Ala., 271; Missouri Pac. Ry. Co. v. Ivy, 71 Texas, 416; Houston, E. & W. T. Ry. Co. v. Norris, 41 S. W. Rep., 710; San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 287; San Antonio & A. P. Ry. Co. v. Belt, 46 S. W. Rep., 374.

The acts of the agent not within the scope of his employment are not binding upon the principal. Gulf, C. & S. F. Ry. Co. v. York, 74 Texas, 368; Missouri P. Ry. Co. v. Sherwood, 84 Texas, 136; Houston & T. C. Ry. Co. v. Hicks, 2 U. C., 437.

*G. W. Allen,* for defendant in error.—The evidence in the case showing that the injury to appellee arose from and grew out of various acts of negligence on the part of the appellants, therefore the injury was not occasioned by a risk that was assumed by appellee. Howard Oil Company v. Farmer, 56 Texas, 301; Galveston, H. & S. A. Ry. Co. v. Garrett, 73 Texas, 262; Missouri Pacific Ry. Co. v. Callbreath, 66 Texas, 526; Missouri Pac. Ry. Co. v. Watts, 63 Texas, 549; Missouri Pac. Ry. Co. v. Watts, 64 Texas, 570; International & G. N. Railroad v. Gray, 65 Texas, 32; Texas & N. O. Ry. Co. v. Kelley, 4 Texas Law Journal, p. 221.

Neither the statute nor the rules have been complied with in presenting this question. The statute requires a motion for a new trial to be filed, and that such motion should be in writing, signed by the party, or his attorney, and shall specify the grounds upon which it is founded, and no grounds other than those specified shall be heard or considered. Rev. Stat., art. 1371; Rules 67 and 68 for District and County Courts.

If the court should disagree with us, however, and should hold that the question was properly raised in the motion for new trial, then we say, the testimony complained of was admissible upon three distinct grounds—(1) that it was a conversation between a party to the suit, who was the President of the Water & Light Commission, and specifically named as one of the defendants, and the city electrician, who, it was shown, was the foreman that had exclusive charge and control of the defendant in error, George Fiegel, Jr., being the one that employed and discharged all employes in that department; being the one who instructed the employes in that department where to work and how to work, and exercised absolute control over them, and over the wires where the defendant in error was injured. In other words, he was a vice-principal, and, being admissions by both parties against their interest, the testimony was admissible; (2) because the statements or declarations of the two Fiegels were competent, because they were relevant facts in themselves; and (3) because such statements were res gestæ. Missouri P. Ry. Co. v. Gernan & Co., 84 Texas, 141; Western U. Tel. Co. v. Lydon, 82 Texas, 366; 16 Cycl. Law and Proc., 1001.

This conversation tended to establish the *fact* that it was the duty of Geo. Fiegel, Jr., the foreman over the defendant in error, to cut

off the current, and that fact can be established like any other fact, by the mere statement of any person, unless the introduction of the statement is objected to on the ground that it is hearsay. Hatch v. Pullman Co., 11 Court Reporter, 757; Daniel v. Vinson, 10 Texas Civil Appeals, 439; Wheeler v. Tyler, S. E. Ry. Co., 91 Texas, 360.

But we earnestly insist that, under the rules of law laid down in the cases of McGowen v. McGowen, 52 Texas, 664; City of Galveston v. Barbour, 62 Texas, 176; Continental Insurance Co. v. Pruitt, 65 Texas, 128; Rector v. Hudson, 20 Texas, 236; Pilkinton v. Gulf, C. & S. F. Railway, 70 Texas, 230, the statements complained of were part of the res gestæ. As stated in the Continental Insurance Co. v. Pruitt, supra, that "if the inquiry in this case was why she did a certain act, or why she was in a given place at a certain time, then her declarations made at the time would have been illustrative of her act, and would have constituted res gestæ." The question in this case, and the one that the two Fiegels were discussing, was why the current had not been cut off, and the reply gave Fiegel, Jr.'s, reason.

GAINES, CHIEF JUSTICE.—The following statement of this case, as made by the Court of Civil Appeals, is sufficiently full for the purposes of this opinion:

"This is a suit by appellee against the City of Austin and the Austin Water, Light & Power Commission of the city, composed of George Fiegel, D. W. Doom, P. W. Powell, P. D. Mortimer and R. E. White, for damages resulting from injuries sustained by the appellee when he was engaged in the services as an employe of the city and the Water, Light & Power Commission, in connection with the city's electric system.

"The petition alleges, substantially, that he was severely burned by coming in contact with one of the city's electric wires while engaged in repairing the wire, in what is known as construction work. He in effect alleges that he was inexperienced in the particular work in which he was engaged at the time he was injured, and that he did not know of the danger, and was not warned by the foreman under whom he was working at the time he received the injuries.

"The specific grounds of negligence alleged against the city and the Water, Light & Power Commission, are (1) failure on the part of the foreman to give the appellee instructions as to how to perform the particular work assigned to him; (2) not having a sufficient number of men detailed to perform the work which the appellee and one of his colaborers had undertaken, and were instructed to perform; (3) in the failure of the foreman, or those in charge of the electric plant, in not having the current of electricity cut off before putting appellee to work in changing the wires; (4) in not having a careful inspection made of the wires, and seeing that they were properly insulated; and alleges the fact that the wires were not insulated, and the negligence of the city in failing to have them so protected; (5) in employing and having an inexperienced foreman in charge of appellee and his coworkmen.

"The appellants answered by general demurrer and general denial,

that the plaintiff knew of the condition of the wire upon which he was working, and knew that the current of electricity was on, and had the authority to have the same cut off, which he failed to do; and that he knew of the danger and assumed the risk incident to his employment."

There was a verdict and judgment for the plaintiff.

When we granted the writ of error, we thought that the trial court erred in admitting the testimony of one Felter as to a conversation which took place about two hours after the accident, between George Fiegel, the president of the Water & Light Commission, and George Fiegel, Jr., the city electrician; and we are still of that opinion.

It is urged, however, that the question is not so presented by the record that we can consider it, for the reason that it is not sufficiently pointed out in the motion for a new trial as one of the grounds of the motion. The sixth specification in that motion is that "the court erred in admitting the testimony set out in defendants' first, second, third, fourth, fifth and sixth bills of exceptions, because the testimony set out in each of said bills was subject to the objections urged against it in each of said bills."

In reference to motions for new trials, article 1371 of the Revised Statutes provides: "Every such motion shall be in writing and signed by the party or his attorney, and shall specify the grounds upon which it is founded; and no grounds other than those specified shall be heard or considered." Rules 67 and 68 of Rules for the District and County Courts are as follows: "67. Each ground of a motion for a new trial or in arrest of judgment shall briefly refer to that part of the ruling of the court, charge given to the jury, or charge refused, admission or rejection of evidence, or other proceedings which are designed to be complained of, in such way as that the point of objection can be clearly identified and understood by the court." "68. Grounds of objections couched in general terms—as that the court erred in its charge, and in sustaining or overruling exceptions to the pleadings, and in excluding or admitting evidence, the verdict of the jury is contrary to the evidence, the verdict of the jury is contrary to law, and the like— shall not be considered by the court." As we construe this article and these rules, we think the specification of error in the motion for a new trial sufficient. But it is also insisted that because the record shows that the bill of exceptions No. 1, which reserves the point in question, was not filed until after the motion for a new trial had been overruled, the specification was not good. We think, however, that it is to be presumed, at least, that the bills had been drawn and numbered, and were before the court for approval, when the motion was filed. But a complete answer to the contention by the defendant in error as to the insufficiency of the motion for a new trial, is that no specification of error in the motion for a new trial is necessary in order to raise the question upon appeal. (Western U. Tel. Co. v. Mitchell, 89 Texas, 441; Allen v. Stephanes, 18 Texas, 670; Clark v. Pearce, 80 Texas, 151.) In the case first cited, it is distinctly held that it is not necessary, in order to have the action of the court in giving or refusing charges reviewed in the appellate court, to assign the error in a motion for a new trial. It follows, from the reasons on which that ruling is based,

that the same rule should apply to the admission or exclusion of evidence. If after the discussion of the question during the course of the trial the judge has ruled upon it, and counsel has become satisfied that there is no hope of changing his opinion, it would seem a fruitless task to urge it again upon a motion to set aside the verdict and to grant a new trial.

It is also insisted that the objection urged to the testimony of Felter as to the conversation between the two Fiegels was not sustainable. The bill shows that "the defendants objected on the ground that they would not be bound by any statement made by an employe long after the accident happened, and that they would not be bound by statements made between two agents." We think it sufficiently appears from this that the objection was that declarations of mere agents of the defendants, made after the accident, were not admissible against the defendants.

We are of opinion that the determination of the main question is controlled by the case of the Missouri Pacific Railway Company v. Sherwood, 84 Texas, 125. There the court held that a written statement of one Dent, a claim agent of the railway company, as to certain cotton having been burnt, was improperly admitted in evidence, because it was not made to appear that Dent, in making the statement, was acting within the scope of his authority. In the subsequent case of the same company against Gernan & Company, 84 Texas, 141, a similar statement of the same person as to the burning of cotton was held to have been properly admitted—it having been made to appear that he was "a general agent, invested, as the testimony showed, with authority to adjust claims against it." These two cases, in our opinion, draw, though somewhat broadly, the line of distinction between cases in which statements of an agent are admissible against his principal, and those in which they are not. Very clearly, as we think, the present case falls within the rule applied in the Sherwood case. Fiegel, Jr., had supervision of the electrical appliances of the city for furnishing light. He had no authority to adjust claims against it. The fact that as between him and the employes under his control he may be deemed in law to have been the vice-principal of the city or of the Water & Light Commission, does not, in our opinion, affect the question. There was nothing to show any authority on part of George Fiegel, Sr., to make the declarations in question, or that they arose out of or in course of the performance of any duty incumbent upon him, save that he was the president of the Water & Light Commission. Counsel for the defendant in error admitted in his argument that there was no testimony as to Fiegel's authority, except that shown by the city charter, which is made a public act, and of which therefore judicial notice must be taken. But, so far as we can see, the charter only provides for the election of a president (from which it is to be implied that he is to preside over the sessions of the commission), and that it made it his duty to draw warrants payable out of the funds under control of that body. If he has been given in the charter any authority to inquire into and to adjust claims against the city or the Commission, it has

not been pointed out in either the written or oral argument in behalf of defendant in error, and we have failed to discover it.

The testimony, the admission of which is complained of, was that about two hours after the accident, "Fiegel, Sr., asked Fiegel, Jr., why he didn't have this circuit that Forbis was working on taken out, and the latter said for the reason that Gissell up there was baking bread; and Fiegel, Sr., asked him right then, 'Are you going to burn a man up for two loaves of bread?' And further said, 'Damn Gissell and his bread!'" We think that this testimony was prejudicial to the rights of the defendants, and that its admission requires a reversal of the judgment.

Possibly the charge of the court upon assumed risk was not as full as it should have been. If upon another trial there should be evidence tending to show that the plaintiff, before undertaking the work, was apprised of the specific dangers attending it, the court should give a charge that he assumed that risk and can not recover.

The judgment is reversed and the cause remanded.