COONEY v. DANDRIDGE et al.

(Court of Civil Appeals of Texas. El Paso. May 22, 1913. Rehearing Denied June 19, 1913.)

1. APPEAL AND ERROR (§ 282*)—PRESENTATION OF GROUNDS IN COURT BELOW — MOTION FOR NEW TRIAL.

Where a cause was tried to the court, and separate findings of fact and conclusions of law were filed, a motion for new trial is unnecessary to entitle the defeated party to assign errors in the court's findings.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1662–1665; Dec. Dig. § 282.*]

2. BILLS AND NOTES (§ 351*) — PURCHASER AFTER MATURITY—DEFENSES.

Where the holders of notes by a subsequent contract agreed to accept from the maker certain land in lieu of payment, the contract operated as a complete novation of the obligations evidenced by the notes, and consequently a purchaser of the notes after maturity and with notice is bound by the novation, her rights being governed by the contract in force at the time of her purchase.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 878–881, 882½–885; Dec. Dig. § 351.*]

3. APPEAL AND ERROR (§ 1027*)—REVIEW—HARMLESS ERROR.

An error which did not affect appellant's rights is immaterial, and need not be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. 1027.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Action by Hattie O. Cooney against John B. Dandridge and others. From a judgment for defendants, plaintiff appeals. Affirmed.

J. W. Parker and J. A. Buck, both of Pecos, for appellant. John B. Dandridge, of Chicago, Ill., and Spencer B. Pugh, of Pecos, for appellees.

HIGGINS, J. Hattie O. Cooney filed suit against John B. Dandridge and Spencer B. Pugh, appellees, to recover upon four promissory notes executed by the appellees, one of the notes payable to order of Amelia Wolcott, two payable to order of Myra Wolcott, and one payable to order of Nellie Byrud, alleging that she was the legal owner and holder of the notes. Appellees in their answer to the merits averred that on April 19, 1911, the notes sued upon were the property of John Wolcott, Amelia Wolcott, Myra Wolcott, and Nellie Byrud, and upon said date were past due, and that upon said date the appellees entered into a written contract with the last-named parties by the terms of which the holders of said notes agreed to accept in full payment thereof the title to section 32, block 2, H. & G. N. Ry. Co. survey, in Reeves county, with certain water rights thereon, and appellees were granted 60 days from that date within which to make title to said tract of land and water rights; that on or about May 19, 1911, appellant purchased said notes from the holders thereof and agreed to abide by and carry out the terms of the contract aforesaid between appellees and the Wolcotts and Byrud. That within the 60-day period appellees became and were able to carry out their said contract and deliver section 32, but in order to prevent the same appellant instituted bankruptcy proceedings against appellees, caused a receiver to be appointed who took possession of all of their property, including the papers and documents necessary to enable them to tender section 32 in accordance with their contract, and also caused an injunction

---

to be issued to prevent the performance of said contract; that the bankruptcy petition and receivership were still pending and undisposed of, and the injunction continued in force until May 13, 1912; that this action was brought on May 15, 1912, and that at all times since May 19, 1911, appellees had been ready and willing to carry out their obligations under the aforesaid contract, and were then ready and willing to do so, and they tendered in court deed to the section of land and water rights, and prayed that the notes sued upon be canceled and the aforesaid contract specifically performed. The case was tried before the court, and separate findings of fact and conclusions of law were filed as follows:

### "Findings of Fact.

"I. That defendants executed and delivered the promissory notes described in plaintiff's petition at the date, in the amount and at the rate of interest therein described, said notes being due and payable at the time alleged in said petition.

"II. Plaintiff was at the time of the filing of the suit, and at the date of trial, the legal owner and holder of said notes.

"III. Plaintiff purchased said notes from the original payees therein after the maturity of same.

"IV. After the execution of said notes by defendants, and before the purchase of same by the plaintiff, defendants entered into a contract with the original payees of said notes, whereby the original payees of said notes were to cancel same, in consideration of the defendants herein, within 60 days from the date of said contract, tendering to the original payees in said notes deed to section 32, block 2, H. & G. N. Railway Company land in Reeves county, Tex., with water rights thereon, defendants first having cleared said section of land of an incumbrance of $7,500 to one Fairbanks, the original payee in said notes contracting to take said section numbered 32, subject to a lien of $10,000 on same, held by the assigns of E. Leslie Cole, which lien is evidenced by a certain deed of trust in which Sherman M. Booth was the trustee.

"V. That after the entering into of said contract between the defendants herein and the original payees of said notes, the plaintiff herein purchased said notes from the original payees with full knowledge of said contract aforementioned, whereby said notes were to be canceled on the tendering of said deed and the clearing up of said lien.

"VI. I further find as a fact that the plaintiff contracted and agreed with Amelia Wolcott, Myra Wolcott, Nellie E. Byrud, the original payees of said notes, to assume and carry out the aforementioned contract with the defendants herein, which said agreement with the original payees of said notes was made in writing and in consideration of the transfer to plaintiff of said notes.

"VII. That before the expiration of the 60 days provided in the aforementioned contract, the plaintiff, Hattie O. Cooney, instituted bankruptcy proceedings against the defendants herein and had a receiver appointed for the effects of the defendants herein, and by such action prevented defendants from making the tender of the deed aforesaid, within the 60 days.

"VIII. I further find that plaintiff filed in the district court of Reeves county a suit against the defendants herein, and sued out a writ of attachment against the defendants herein, which action on the part of the plaintiff further prevented the defendants from carrying out the contract within the 60 days aforesaid.

"IX. I find that but for the action of the plaintiff the defendants could and would have tendered to the plaintiff herein as the assignee of the original payees of said notes, in pursuance of said contract, the deed to section 32, together with the water rights thereon, with a release of said Fairbanks lien, before the expiration of the 60 days provided for in said contract.

"X. I further find that the defendants herein have been ready and able to carry out said contract since before the expiration of said 60 days, but have to this time been prevented from doing so by the acts of the plaintiff.

"XI. I further find that defendants now tender to plaintiff the deed, water rights, and release specified in said contract.

"Wherefore, I conclude, as a matter of law, that plaintiff should take nothing by her suit, and that defendants have a specific performance of their said contract."

Judgment was rendered that appellant take nothing by her suit on the notes declared upon, and that specific performance of the contract pleaded by the defendants be decreed, and that the appellant recover of Dandridge and Pugh the title to said section of land, and that the notes sued upon be canceled.

We adopt the findings of fact of the trial court.

[1] Appellees object to the consideration by this court of any of the assignments of error because motion for a new trial was not filed in the lower court. The case was tried before the court, and separate findings of fact and conclusions of law were filed. For the reasons indicated in American, etc., v. Mercedes, etc., 155 S. W. 286, and Cooney, Intervener, v. Dandridge et al., 158 S. W. 177, this day decided by this court, the objections are not well taken, and the assignments will be considered.

[2] The first, second, third, and fourth assignments relate to the same question, and it is contended that the court should have rendered judgment in favor of plaintiff for the amount of the notes sued upon, and erred in

specifically enforcing against appellant the contract set up in appellees' answer, because the same was not signed by her and she never became a party thereto, and the same could not be specifically enforced against her.

The contract entered into between Dandridge and Pugh and the Wolcotts and Byrud operated as a complete novation of the contracts evidenced by the notes sued upon. By this contract Dandridge and Pugh acquired the right to pay off and discharge the notes sued upon by a conveyance of the land and water rights described in their answer, and since appellant acquired the notes after maturity, and with full knowledge of the rights of Dandridge and Pugh under this contract, she therefore took the notes subject to the rights acquired by Dandridge and Pugh under their contract, and she did not have the right to demand payment in specie according to the original terms of the notes. There is no question here involved of enforcing specific performance of a contract against one who is not a party to the contract, as contended by appellant, but it is simply a matter of protecting Dandridge and Pugh in the right to make payment of the notes as indicated. The cases cited by appellant are in no wise in point, and it will serve no useful purpose to discuss the same.

[3] The sixth, eighth, tenth, and eleventh assignments of error complain of the action of the trial court in admitting in evidence certain documents. It is unnecessary for us to inquire whether or not the action of the court in so doing was correct. The error, if any, in no wise affects appellant's rights and was harmless.

Under the seventh assignment it is objected that the court erred in admitting in evidence the contract set up in appellees' answer, upon the ground that there was a variance between the instrument offered and described in the answer. This objection is without merit, and the assignment is overruled.

Affirmed.