COONEY v. DANDRIDGE et al.

(Court of Civil Appeals of Texas. El Paso. May 22, 1913. Rehearing Denied June 19, 1913.)

1. APPEAL AND ERROR (§ 281*)—QUESTIONS REVIEWABLE — MOTION FOR NEW TRIAL — NECESSITY.

Court of Civil Appeals Rules 24, 25 (142 S. W. xii), providing that the assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for new trial, and a ground not set forth in the motion will be deemed waived unless fundamental, and District and County Courts Rule 71a (145 S. W. vii), requiring a motion for new trial in all cases except in such cases as the statute does not require it, require a motion for new trial in all cases except where the statute does not require it, and a ground of error is not available on appeal unless it has been assigned in the motion, or is fundamental.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. § 281.*]

2. COURTS (§ 78*)—RULES OF COURT—POWER TO ADOPT—STATUTES.

Rev. Civ. St. 1911, art. 1524, authorizing the Supreme Court to make rules not inconsistent with law for the government of the courts of the state, confers on the Supreme Court power to change the practice and procedure and to require a motion for new trial in all cases except where the statute does not require it.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 274, 276–281; Dec. Dig. § 78.*]

3. APPEAL AND ERROR (§ 281*)—RIGHT OF APPEAL—MOTION FOR NEW TRIAL—NECESSITY.

Under Rev. Civ. St. 1911, arts. 1990, 1991, providing for the rendition of judgment on conclusions of fact found by the judge, and declaring that it shall be sufficient for a party excepting to the conclusions of law or judgment to cause the same to be noted on the record, and he may then appeal without a statement of facts, or further exceptions, the right of appeal attaches in a case tried without a jury, where the trial court files separate findings of fact and conclusions of law, and a motion for new trial is not required, but where separate findings of fact and conclusions of law are not made, a motion for new trial is necessary.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1650–1661, 3024, 3281; Dec. Dig. § 281.*]

Appeal from District Court, Reeves County; S. J. Isaacs, Judge.

Action by John B. Dandridge and another, in which Hattie O. Cooney intervened. From an adverse judgment, the intervener appeals. Affirmed.

J. W. Parker, of Pecos, for appellant. Buck & Drane, of Pecos, John B. Dandridge and Leslie A. Needham, both of Chicago, Ill., and Spencer B. Pugh, of Pecos, for appellees.

HIGGINS, J. This case was tried before the court without a jury. No motion for a new trial was filed in the lower court, nor were separate findings of fact and conclusions of law filed by the trial court.

[1] Rules 24 and 25 for the government of the Courts of Civil Appeals (142 S. W. xii), as amended January 24, 1912, read:

"24. The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for a new trial in the cause, and a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record, or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in Rule 23 [142 S. W. xii].

"25. To be a distinct specification of error, it must point out that part of the proceedings contained in the record in which the error is complained of, in a particular manner, so as to identify it, whether it be the rulings of the court upon a motion, or upon any particular part of the pleadings, or upon the admission or the rejection of evidence, or upon any other matter relating to the cause or its trial, or the portion of the charge given or refused, the fact or facts in issue which the evidence was incompetent or insufficient to prove, the insufficiency of the verdict or finding of the jury, if special, and the particular matter in which the judgment is erroneous or illegal, with such reasonable certainty as may be practicable, in a succinct and clear statement, considering the matter referred to, and must refer to that portion of the motion for a new trial in which the error is complained of."

Upon last-mentioned date the District and County Court Rules were amended by the addition of Rule 71a (145 S. W. vii), which reads:

"A motion for a new trial shall be filed in all cases where parties desire to appeal from a judgment of the trial court, or sue out a writ of error in the cause, unless the error complained of is fundamental, except in such cases as the statute does not require a motion for a new trial."

Prior to the amendments indicated, in order to assign error in the Courts of Civil Appeals, it was unnecessary, in any case tried before the court, to file a motion for a new trial, and in cases tried before a jury it was unnecessary in the motion to assign error to

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

any acts or rulings of the court because they became matters of record, and were direct rulings upon matters of law which appellant had a right to assume would not be changed. Telegraph Co. v. Mitchell, 89 Tex. 441, 35 S. W. 4; Clark v. Pearce, 80 Tex. 146, 15 S. W. 787; City of Austin v. Forbis, 99 Tex. 238, 89 S. W. 405; Railway Co. v. Sparger, 11 Tex. Civ. App. 82, 32 S. W. 49.

It is very clear to our minds that the amendments to the rules indicated above were intended to change the rules of practice and procedure indicated by above-cited cases so as to require a motion for a new trial to be filed in the lower court in all cases, except in such cases as the statute does not require same; and it was intended, further, that no ground of error would be available in the appellate courts unless it had been assigned in the motion or unless it was fundamental.

[2] That the Supreme Court has the power to make this change in practice and procedure is also clear. Article 1524, R. S. 1911. The obvious purpose of the change was to give every opportunity to the trial court to discover and correct its own errors, thereby obviating unnecessary appeals and expediting the final disposition of causes. The various Courts of Civil Appeals have so construed the amendments. Nunn v. Veale, 149 S. W. 758; American, etc., v. Mercedes, etc., 155 S. W. 286; Astin v. Mosteller, 152 S. W. 495; Railway Co. v. Emerson, 152 S. W. 469; Davidson v. Patton, 149 S. W. 757; Railway Co v. Gray, 154 S. W. 229; Murphy v. Earl, 150 S. W. 487.

[3] In cases tried without a jury, and where the trial court has filed separate findings of fact and conclusions of law, the right of appeal forthwith attaches by virtue of articles 1990, 1991, R. S. 1911, and motion for new trial is not required. American, etc., v. Mercedes, etc., supra.

No motion for a new trial having been filed in the court below, nor separate findings of fact and conclusions of law, the various grounds of error specified in the assignments of error herein must be considered waived, and will not be considered. No fundamental error appearing, the judgment is affirmed.