TEXAS & P. RY. CO. v. MERCER. (No. 695.)

(Court of Civil Appeals of Texas. El Paso. May 10, 1917.)

1. REMOVAL OF CAUSES ⟨key⟩2—RAILROADS — ACTION FOR INJURIES—STATUTE.

Under Act Cong. Jan. 28, 1915, c. 22, § 5, 38 Stat. 804 (U. S. Comp. St. 1916, § 1233a), providing that no court of the United States

shall have jurisdiction of any action or suit by or against any railroad company upon the ground that it was incorporated under an 'act of Congress, a passenger's suit for injuries against a railroad incorporated by act of Congress was not removable from the state to the federal court on the ground that it involved a question of law arising under a federal statute, although the cause of action arose prior to enactment of such statute but the action was not brought until thereafter.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 2, 3.]

2. TRIAL ☞260(2)—INSTRUCTIONS—DUPLICA-
TION.
It is not error to refuse to give a special charge covering substantially the same issue embraced in another special charge, which was given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 652.]

3. DAMAGES ☞159(2)—PERSONAL INJURIES—
LOSS OF TIME—PLEADING—SUFFICIENCY.
Where passenger alleged that when injured he was a stout, hale, and healthy man of 40 years of age, free from physical infirmity and sickness of any kind whatsoever, and that he had and enjoyed an earning capacity of $3,000 per year, and that said injuries "have wholly incapacitated him from any and all kinds of physical labor, and that said injuries have become and are permanent in their nature, and that his nervous system has been greatly impaired by reason of said shock, and that he is and will continue to be a physical, as well as nervous, wreck as a result thereof, his pleading was sufficient, in the absence of special exception on the specific ground as an allegation of loss of time, to support recovery therefor, where the evidence disclosed the loss of time.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 430-435, 437, 438, 440-444.]

4. DAMAGES ☞173(1) — LOSS OF TIME AND
EARNING CAPACITY — EVIDENCE — ADMISSI-
BILITY.
In passenger's action for injuries, where he alleged loss of time and average earning capacity of $3,000 per year and defendant on cross-examination showed that he had accumulated no property, plaintiff's testimony that after his living expenses he had given every dollar to his family was admissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 490-492, 501.]

5. EVIDENCE ☞553(4)—EXPERT TESTIMONY—
ADMISSIBILITY.
Expert testimony as to permanency of injuries to a passenger, predicated upon hypothetical facts the presence of all of which was not shown by the record, was inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2373.]

6. WITNESSES ☞374(1)—IMPEACHMENT.
Where a witness had testified as to material facts in a passenger's action for injuries, it was error to refuse testimony of such witness that the plaintiff owed and had owed him over $2,000 for eight years, since such evidence tended to show the interest of the witness.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1201.]

Appeal from District Court, Eastland County; Thos. L. Blanton, Judge.

Action by J. T. Mercer against the Texas & Pacific Railway Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Ward Bankhead and H. C. Shropshire, both of Weatherford, and Scott & Brelsford, of Eastland, for appellant. D. W. Odell, of Ft. Worth, and J. R. Stubblefield, of Eastland, for appellee.

WALTHALL, J. J. T. Mercer, appellee, brought this suit in the district court of Eastland county against the Texas & Pacific Railway Company to recover damages for personal injuries alleged to have been sustained by him while a passenger on one of appellant's passenger trains, at or near Cisco, Eastland county, Tex. Appellee alleged that said train was negligently caused to collide with another of appellant's trains while both trains were on the main line; that said collision occurred near 2:30 o'clock on the morning of October 15, 1914, and while appellee was lying asleep in a lower berth of a Pullman car attached to the train, and that by reason of the collision appellee was thrown against the wall of the berth, his head, neck, and shoulders jammed against the walls and sides of said berth, causing injuries of which he complained. In due time appellant filed in said court its petition and bond for removal of said cause to the District Court of the United States for the Northern District of Texas, and, the court having refused to remove said case, appellee filed its answer, consisting of general exception and general denial. A trial before a jury resulted in a verdict for appellee.

Appellant's first assignment questions the correctness of the court's ruling on the petition and bond for removal to the federal court. Appellant's verified petition alleged that the Texas & Pacific Railway Company was, at the time the suit was filed against it, and at the time of its petition for removal, a corporation duly organized and existing under and by virtue of the laws of the United States, to wit: "An act to incorporate the Texas & Pacific Railroad Company and to aid in the construction of its road, and for other purposes," and acts amendatory thereof, the latest of which was June 22, 1874, unless possibly the act entitled "An 'act to codify, revise and amend the laws relating to the judiciary," designated as the Judicial Code, approved March 3, 1911, would have application thereto, and, among other things, changing its name to the Texas & Pacific Railway Company, and pleaded its several rights and privileges under said acts of the Congress of the United States, and that the amount sued for by appellee was within the jurisdiction of the federal court.

Appellant refers us to a number of cases antedating the passage of section 5 of the act of Congress, enacted January 28, 1915, chapter 22, 38 Stat. 804, in which section it is provided that:

"No court of the United States shall have jurisdiction of any action or suit by or against any railroad company upon the ground that said

railroad company was incorporated under an act of Congress."

This suit was filed in the district court of Eastland county, Tex., on April 26, 1915; the citation was issued and served and made returnable to said court on the first Monday in July, 1915; appellant's petition and bond for removal was filed and approved by the court on the 5th day of July, 1915.

[1] There was no error in the court's refusal to grant the petition for removal. We need not extensively discuss the issue presented in the assignment, but will refer to the case of Texas & Pacific Railway Co. v. Sherer, 183 S. W. 404, as expressing our views on the construction and application of the federal law above quoted. We think the language of the act above quoted clearly inhibits removal of the cause, and destroys the jurisdiction the federal court formerly exercised, and the right of removal to said court in any action or suit by or against any railroad company solely on the ground that said railroad company was incorporated under an act of Congress. While the cause of action upon which the suit is based occurred prior to the enactment of the federal statute, the suit was filed thereafter, and the right of removal was sought after the federal act became a law and was in force, and the right of removal no longer existed. The assignment is overruled.

[2] The court, at appellant's request, had substantially charged upon the same issue as is embraced in its special charge No. 5, and it was not error to refuse to give the second special charge covering substantially the same thing. The second assignment, complaining of the court's refusal to give the special charge requested, is overruled.

Appellee alleged that:

"At the time of receiving his injuries he was a stout, hale, and healthy man of 40 years of age, free from physical infirmity and sickness of any kind whatsoever, and that he had and enjoyed an earning capacity of $3,000 per year."

After minutely describing his injuries, he alleged that said injuries—

"have wholly incapacitated him from any and all kinds of physical labor, and that said injuries have become and are permanent in their nature, that his nervous system has been greatly impaired by reason of said shock, and that he is, and will continue to be a physical, as well as nervous, wreck as a result thereof."

There was no statement in the petition as to appellee's occupation, trade, or profession or the character of his business or means or manner of earning money, and no other allegation seeking to recover or remotely referring to damages for loss of time. The court charged the jury as follows:

"Then in such events, you would find for the plaintiff, and assess his damages, if any, at such sum of money if paid now as would reasonably and fairly compensate the plaintiff for physical pain, if any, suffered by him, and the loss of time, if any, up to the date of this trial."

The case was submitted to the jury on the general issue and a verdict was returned in favor of appellee for $4,000.

[3] The third error assigned is to the portion of the charge above quoted, authorizing the jury to consider as an element of damage "the loss of time." Appellant's contention is that, there being no allegation in the petition seeking to recover damages for loss of time up to the trial, it was error for the court, under the facts in the case, to submit loss of time as an element of damage to be considered by the jury. It will be seen from the portion of the charge quoted that the court submitted for the consideration of the jury as an element of special damage the loss of time from the time of the accident to the time of the trial. Such has been held to be error unless a proper basis for such special damage finds support both in the pleading and proof. G., C. & S. F. Ry. Co. v. Sparger, 11 Tex. Civ. App. 82, 32 S. W. 49. However, when alleged and proved, the rule allowing compensation for loss of time as an element of damage in a personal injury case is universal. The proof shows that at the time of the accident appellee was 40 years of age, and had earned during a series of the next preceding 8 or 10 years not less than $2,000 any 1 year, and specifying the amounts earned and the business engaged in during the different years. Appellee further testified:

"My average earning capacity for the last 10 years has been about $3,000 per year. Since this injury was received, I have not earned a penny. I am not able to earn anything in my present condition [his condition being fully shown]."

The question presented is: Does the pleading of the appellee tender the issue of the item and value of lost time? A majority of the court have concluded that it does, in the absence of a special exception requiring a more specific statement as to lost time. The third assignment must be overruled.

[4] We need not discuss, but are also of the opinion that it was not error to admit, the testimony of appellee that "after my living expenses, I have given every dollar that I have made to the members of my family," as complained of in the fourth assignment. The evidence is not objectionable in view of the fact that appellant, on cross-examination, drew out from appellee the fact that he had not accumulated property, and the evidence complained of was in reply thereto.

[5] The fifth and sixth assignments are sustained. The record does not show the presence of all the hypothetical facts upon which Dr. Campbell was permitted to say that if Mercer has made little or no improvement since he last examined him some months since, and has contracted no new or independent ailment, his injury is permanent. The court submitted as an element of damages to be estimated by the jury, Mercer's future earning capacity during such time as such diminution shall continue. The evidence was upon a sharply contested issue in the case, and the case was submitted upon the general issue. Hicks v. Railway, 71 S. W.

322; Texas & Pacific Ry. Co. v. Cauble, 168 S. W. 369.

[6] It was error to refuse to admit Martin's testimony, complained of in the sixth assignment, that:

"Plaintiff's total indebtedness to us is, at this time, $2,182.75, with interest for two years at 6 per cent. He has been owing the principal part of this amount since 1908."

Martin had testified by deposition taken by appellee to Mercer's general good health prior to the accident in 1914, and to his bad physical condition since the accident; that witness, prior to the accident, had been connected in a business way with Mercer for some five years. The excluded evidence was an answer to a cross-interrogatory propounded by appellant. The evidence would tend, at least, to show Martin's interest in the matter of Mercer's recovery. We believe that the reasoning of the court in Railway v. Coffman, 56 Tex. Civ. App. 472, 121 S. W. 218, and the cases there referred to, would apply to the question presented in this assignment.

As we have concluded that, for reasons given, the case must be reversed and remanded, we think we need not discuss assignments 7 and 8.

Reversed and remanded.