## WALL & STABE CO. v. BERGER.
### (No. 461.)

(Court of Civil Appeals of Texas. Beaumont.
May 20, 1919.)

1. APPEAL AND ERROR ⬥1114—DISPOSITION OF CAUSE.

A judgment of the county court rendered on appeal from justice court from a judgment allowing neither party any relief will on appeal be reversed and the case dismissed if the county court did not acquire jurisdiction of the cause of action by appeal.

2. EVIDENCE ⬥121(1), 123(1)—RES GESTÆ.

Not only are declarations or exclamations uttered by parties to a transaction contemporaneous with and accompanying it admissible as res gestæ, but also such as are made under such circumstances as will raise a reasonable presumption that they were the spontaneous utterances of thoughts created by or springing out of the transaction itself and so soon thereafter as to exclude the presumption of premeditation or design.

3. EVIDENCE ⬥123(12) — RES GESTÆ — AGENT'S DECLARATION AFTER COLLISION.

In an action for damages arising from a collision of automobiles, a declaration relative to the accident made 15 minutes thereafter by employé who was driving defendant's automobile was not admissible as a part of the res gestæ.

4. APPEAL AND ERROR ⬥1050(1)—PREJUDICIAL ERROR—EVIDENCE.

In an action for damages to an automobile in a collision, admission of testimony regarding a declaration of defendant's driver, not a part of the res gestæ: "He allowed the ambulance had the right of way over everybody, and they ought to keep out of his way; it didn't matter if he did kill him"—was prejudicial, although part of the declaration was but the expression of the opinion of the driver; there being a sharp conflict in the evidence as to who caused the accident.

5. EVIDENCE ⬥258(1) — ADMISSIONS — AUTHORITY TO MAKE.

In an action for damages to an automobile in a collision, statement of defendant's secretary that he would settle for the damages to plaintiff's automobile and would put it in as good shape as it was before the accident should not have been admitted, in the absence of evidence as to secretary's authority to make such a statement or promise.

Appeal from Harris County Court; W. E. Monteith, Judge.

Suit by A. Berger against Wall & Stabe Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Fred R. Switzer, of Houston, for appellant.

Ellis P. Collins and S. H. Brashear, both of Houston, for appellee.

HIGHTOWER, C. J. This suit was filed by the appellee, A. Berger, against appellant, Wall & Stabe Company, a corporation, in one of the justice's courts of Harris county, in which appellee sought to recover damages caused to his automobile in consequence of a collision between the automobile and an automobile ambulance owned and operated by appellant. The collision occurred at or near the intersection of Travis and Preston streets in the city of Houston.

It was the contention of appellee that the collision was caused by a failure on the part of appellant's driver to observe several of the ordinances of the city, then in force, relative to the operation of automobiles in the city.

Appellant answered by general demurrer and general denial, and then specially alleged that the collision was caused, not by any fault or negligence on the part of appellant's driver, but solely in consequence of negligence of appellee in failing to observe certain ordinances of the city, which were alleged to be in force at the time and place of the collision; that by the collision appellant's ambulance was damaged, and appellant prayed recovery against appellee therefor.

The result in the justice's court was a judgment to the effect that appellee recover nothing by his suit, and that appellant take nothing by his cross-action. From that judgment appellee, Berger, appealed to the county court at law, where a jury, in answer to special issues, returned a verdict in favor of appellee, and judgment was entered in his favor, and appellant was denied recovery on its cross-action. From that judgment appellant prosecutes this appeal.

The first three assignments complained, in effect, that the county court at law acquired no jurisdiction on appeal from the justice's court, and that therefore this court should reverse the county court's judgment and dismiss the case.

[1] If the county court did not acquire jurisdiction of appellee's cause of action by the appeal, then appellant would be correct in its contention that this court should reverse the county court's judgment and dismiss the case. Pecos & N. T. Ry. Co. v. Canyon, 102 Tex. 478, 119 S. W. 294; T. & N. O. R. Co. v. Coleman, 185 S. W. 1053. In making this contention, appellant assumes that appellee's suit in the justice's court was for an amount in excess of the jurisdiction of that court; that is to say, for more than $200. This assumption is not supported by the record; and, since the points involved present no new or debatable legal question, we shall not go further into detail, and these assignments are overruled.

The fourth, fifth, and sixth assignments are overruled, because they point out no

reversible error, and we do not discuss them, for the reason that the questions involved will not probably arise on another trial.

The seventh assignment complains of the action of the trial court in admitting the testimony of appellee's witness Bunyard relative to a statement made to him by the driver of appellant's ambulance, about 15 minutes after the collision which gave rise to this suit.

The witness Bunyard was a policeman of the city of Houston, and was present at the time of the collision in question. His testimony in this connection was as follows:

"I talked with the driver of the ambulance. * * * I talked with him at the time of the accident, and then afterwards. At the time of the accident he wanted me to get in the ambulance and make the call with him, wanted me to talk to him, and I told him, 'No, that is not my business,' and he went and came back in a few, about 15, minutes, without any one, and then put his wagon up and came back down there (meaning the place of the collision) and got awful raw."

Appellee's counsel, at this point, asked the witness this question: "What did the driver say when he came back after having put up his ambulance?" To this question, appellant's counsel objected on the ground that any statement made by the driver at such time could not bind the defendant, that the same would be hearsay, and would be no part of the res gestæ, and would be therefore inadmissible. The court overruled the objection of appellant, and permitted the witness Bunyard to answer the question, his answer being as follows:

"He (the driver) allowed the ambulance had the right of way over everybody, and they ought to keep out of his way; it didn't matter if he did kill him."

This evidence was not offered by appellee by way of impeachment of anything that had been stated by appellant's driver, but was offered and admitted as original evidence on the theory, as claimed by appellee, that it was admissible as a part of the res gestæ.

The record shows, without dispute, that at the time of the collision in question appellant's ambulance was responding to an emergency call at some point in the city of Houston, and that after the accident appellant's driver proceeded on his journey and mission and answered the call for the ambulance, and then returned, coming back by the place of accident, and then proceeded to appellant's place of business, and put up the ambulance, and thereafter returned to the place of accident, where it is claimed by the witness Bunyard the declaration objected to was made.

The case of Railway Co. v. Anderson, 82 Tex. 519, 17 S. W. 1040, 27 Am. St. Rep. 902, is a leading case in this state on the point here involved, and in that case it was said that declarations or exclamations, uttered by parties to a transaction, and which are contemporaneous with and accompanying it, and are calculated to throw light upon the motives and intentions of the parties to it, are always admissible as part of the res gestæ. It was there further remarked by the court that respectable authority could be found which restricts the rule to this definition, but that the rule is more liberal in this state, and then the court adds:

Not only are such declarations admissible "as accompanying the transaction, but also such as are made under such circumstances as will raise a reasonable presumption that they are the spontaneous utterance of thoughts created by or springing out of the transaction itself, and so soon thereafter as to exclude the presumption that they are the result of premeditation or design."

[2] The appellate courts of this state have had frequent occasion to discuss the res gestæ rule since the opinion in Railway v. Anderson, supra, was rendered, and in most of them that case is referred to and the rule there announced approved without qualification, and, undoubtedly, that case announces the correct rule as it prevails in this state to-day. So the rule as to what constitutes a part of the res gestæ of a transaction is clearly announced, but difficulty frequently arises in its application. Unquestionably, it cannot be said that the declaration of appellant's ambulance driver in this instance, admitted as a part of the res gestæ of the transaction in question, was made at the time of the occurrence, but the undisputed testimony shows that it was at least some fifteen minutes thereafter, and the testimony further shows that the driver did not remain at the place of the accident, but thereafter continued on in the prosecution of his mission or errand, and after its accomplishment, and after he had returned to appellant's place of business and put up his ambulance, he then returned to the place of accident and made the declaration that was introduced over appellant's objection.

[3, 4] After a careful review of the authorities cited by both sides in this case, and without discussing them, we have concluded that the statements or declarations of the driver of the ambulance, if made as claimed by the witness Bunyard, were not admissible against appellant upon the theory that they constituted a part of the res gestæ of the collision in question, and that therefore the testimony of the witness Bunyard should have been excluded from the evidence, upon objection of appellant's counsel, and that the error of the court in admitting the testimony was calculated to and probably did result prejudicially to appellant. That such declaration or statement, if made by

appellant's driver, was highly calculated to prejudice the jury against appellant cannot be plausibly denied.  Especially that part of the declaration, "It didn't make any difference if he did kill him," was, we think, highly prejudicial to appellant, and calculated to arouse the feelings of the jury against appellant.  Of course, that part of the declaration was but the expression of the opinion of the driver, and was really not the declaration of any fact shedding any light upon the transaction, but, on the contrary, tended strongly to indicate a feeling of malice or anger on the part of the driver towards the appellee, and surely appellant ought not to be, and cannot be, affected by such opinion or feeling entertained by its driver.  We think that no case in this state, when carefully considered, can be found that would support appellee's contention that the testimony objected to was admissible against appellant in this case as a part of the res gestæ.  See, also, De Walt v. H. E. & W. T. Ry. Co., 22 Tex. Civ. App. 403, 55 S. W. 534; City of Austin v. Forbis, 99 Tex. 234, 89 S. W. 405; Railway Co. v. Munn, 46 Tex. Civ. App. 276, 102 S. W. 442.

In this case the evidence was in sharp conflict as to the cause of the collision, that is to say, whether it was the fault or negligence of appellant's driver that caused the collision, or whether it was that of appellee himself, and, this being true, it cannot be said, in reason, that the error of the trial court, in admitting this damaging evidence, was harmless.  The seventh assignment is therefore sustained.

[5] The eighth assignment complains of the action of the trial court in permitting appellee's same witness Bunyard to testify, over the objection of appellant, to statements claimed by the witness to have been made to him by appellant's secretary, Mr. Perry, some 15 or 20 minutes after the collision, which statements were, substantially, to the effect that he, Perry, would settle for the damages to appellee's automobile, and would put it in as good shape as it was before the accident.

The objection to this testimony was, substantially, that such statement on the part of Perry, if made, was a statement concerning a past transaction, of which Perry had no personal knowledge, and could not be in any sense admissible and binding against appellant, especially since it was not shown that Perry had authority to make any such statements or promise, or that such statement arose out of or in the course of the performance of any duty imposed upon him by appellant.

We are inclined to think that as the matter appears in this record, appellant's objection to this testimony should have been sustained, and since the case must be re-

versed, as already indicated, we would suggest that before the trial court, on another trial, should admit the evidence here complained of, Mr. Perry's authority to make any such statement or promise, as indicated, should be more fully and definitely shown.

The other assignments of error relate to matters which will not probably occur on another trial, and we do not discuss them for that reason.

For the error indicated by the seventh assignment, it is the opinion of this court that the trial court's judgment should be reversed, and the cause remanded for a new trial; and it will be so ordered.

Reversed and remanded.